Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of TAYLOR CLAYTON, Respondent, for Compensation under the Workmen's Compensation Law, v. THE FOUNDATION COMPANY, Employer, and THE EMPLOYERS MUTUAL INSURANCE COMPANY OF NEW YORK, Insurance Carrier, Appellants.

Third Department, November 18, 1920.

**Workmen's Compensation Law — loss of more than one finger as prerequisite to award for proportionate loss of use of hand.**

An award under the Workmen's Compensation Law for the loss of use to the extent of fifty per cent of the use of the hand of the claimant cannot be made where there is only a slight injury to three fingers of the hand not resulting in the total loss of the use of any finger, since it is expressly provided by section 15 that " where the injury results in the loss of more than one finger, compensation therefor may be awarded for the proportionate loss of the use of the hand."

There must be a loss of one finger, as defined in the statute, and an injury in excess of such loss, as a condition precedent to the power to grant compensation for the loss of the use of the hand. Nothing short of " the permanent loss of the use " of a finger is to be regarded as the equivalent of the loss of such finger.

JOHN M. KELLOGG, P. J., and KILEY, J., dissent, with opinion.

APPEAL by the defendants, The Foundation Company and another, from an award made by the State Industrial Commission and entered in the office of said Commission on the 18th day of May, 1920.

*Blauvelt & Warren [Francis J. MacIntyre* of counsel], for the appellants.

*Charles D. Newton, Attorney-General [E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondents.

WOODWARD, J:

The award in this case is for the loss of use to the extent of fifty per cent of the use of the left hand of the claimant. The only evidence as to the injury, outside of ·the alleged view of the Commissioner, is that of the examining physician. He

says that "there is evidence of a laceration of the distal phalanx of left index finger, with missing nail, and changes in the distal phalangeal joint, causing marked restriction of index finger. Likewise evidence of laceration of second surgical joint with tendon involvement and severing of the ligaments, causing stiffness of the distal and middle phalangeal joints of those two fingers." With this evidence before the Commission the Commissioner said to the claimant: "Let me see your fingers. These were cuts and lacerations?" The claimant replied, "They were cut off here"— indicating. The Commissioner replied: "Practically three fingers. Let me see you close your hand." The examining physician gave it as his opinion that the injury was equivalent to the loss of one-third of the hand, but the Commissioner decided that "from a vocational standpoint" the injury was equivalent to the loss of one-half of the use of the left hand, and the full Commission has made an award upon this basis. The injuries were received on October 20, 1919.

Under the provisions of subdivision 3 of section 15 of the Workmen's Compensation Law (as amd. by Laws of 1917, chap. 705)* compensation is awarded "for the loss of a first finger," "for the loss of a second finger," etc. Then it is provided that "the loss of the first phalange of the thumb or finger shall be considered to be equal to the loss of one-half of such thumb or finger," and that "the loss of more than one phalange shall be considered as the loss of the entire thumb or finger." Having thus carefully provided what shall constitute the loss of a finger, the statute provides that "where the injury results in the loss of more than one finger, compensation therefor may be awarded for the proportionate loss of the use of the hand thereby occasioned." There must be a loss of one finger, as defined in the statute, and an injury in excess of such loss, as a condition precedent to the power to grant compensation for the loss of the use of the hand. A slight injury to three fingers does not constitute "the loss of more than one finger," as prescribed in the statute. It is true that it is provided that the "permanent loss of the use of a hand, arm, foot, leg, eye, thumb, finger, toe or pha-

---

* Since amd. by Laws of 1920, chaps. 532, 533, 534.— [REP.

lange, shall be considered as the equivalent of the loss of such hand, arm, foot, leg, eye, thumb, finger, toe or phalange," but this, in the case of a finger, is for the permanent loss of the use, and not a mere impairment of the use of such finger, for it is provided that " for the partial loss or the partial loss of the use of a hand, arm, foot, leg or eye, compensation therefor may be awarded for the proportionate loss or proportionate loss of the use of such hand, arm, foot, leg or eye."

Nothing short of the " permanent loss of the use " of a finger is to be regarded as the equivalent of the loss of such finger, and the statute provides (§ 15, subd. 3, as amd. *supra*) that " the compensation for the foregoing specific injuries shall be in lieu of all other compensation," with an exception having no bearing here.

In a case of " disability partial in character but permanent in quality " the compensation is provided in a fixed schedule, with careful definitions in subdivision 3 of section 15, and it is only in a case where there is a " loss of more than one finger," as a loss is defined in the law, that there is any justification for making an award for the " proportionate loss of the use of the hand thereby occasioned." There must be an actual physical loss of more than one finger, or a " permanent loss of the use of " more than one finger, in order to constitute such loss, and it is only where there is such a loss that the Commission has jurisdiction to make an award for the " proportionate loss of the use of the hand." The arbitrary determination of a Commissioner that the loss " on the basis of the doctor's opinion and my own judgment from a vocational standpoint is equivalent to the loss of one-half of the hand," is not a determination, upon evidence, that there has been a " loss of more than one finger," as such loss is defined in the statute, and the award may not be sustained. Whatever may be thought of the maxim of the common law that " it is the duty of a judge, when requisite, to amplify the limits of his jurisdiction," there can be no justification for the State Industrial Commission, a mere statutory body, to reach out and bring within the law matters which are excluded by the language of the act.

The award should be reversed and the case returned to

the State Industrial Commission to make such award as the statute provides.

All concur, except JOHN M. KELLOGG, P. J., dissenting, with an opinion in which KILEY, J., concurs.

JOHN M. KELLOGG, P. J. (dissenting):

The statute fixes the compensation for the loss of a finger, and the Court of Appeals has held that in such a case it is immaterial what the vocation of the employee is. (*Matter of Grammici* v. *Zinn*, 219 N. Y. 322.) In this case there was not the loss of a finger or the use of a finger. The serious loss was to the hand, and the case is governed by the part of subdivision 3 of section 15 of the Workmen's Compensation Law (as amd. by Laws of 1917, chap. 705)* entitled, " partial loss and partial loss of use," which reads: " For the partial loss or the partial loss of the use of a hand, arm, foot, leg or eye, compensation therefor may be awarded for the proportionate loss or proportionate loss of the use of such hand, arm, foot, leg or eye." The law is intended to protect workmen, and undoubtedly the Commission has the right to consider in determining as to the loss of the use of the hand that the employee is a workman. Each case must depend upon its particular facts. Commissioner Perkins considered that the injury to the left hand of this left-handed carpenter resulted in a loss of at least one-half the hand. She came to this conclusion after manipulating the hand and ascertaining its grasping power. She evidently felt that the man at his time of life and in his condition was only able to earn a living by his hands. Manifestly an injury to his working hand would render him less useful as a wage-earner than it would if he were a clerk. The loss of use must depend in a degree upon the use a man has for the hand. The doctor certifies to a loss of grip in the hand. Commissioner Perkins tested the grip and stated her opinion that the loss to the use of the hand was one-half. Her statement, as well as the statement of the physician, was a part of the atmosphere of the case, and the knowledge that she had and her determination that the loss was one-half of the use was before the Commission. (See § 65.) She was one of the Commissioners who in fact made the award appealed from. The award

* Since amd. by Laws of 1920, chap. 533.— [REP.

does not refer to the man's vocation. In effect it determines that from the facts appearing upon the hearing, the doctor's certificate, the test of the hand by Commissioner Perkins, the loss of the use of the hand was one-half. We may treat what the Commissioner said at the hearing as to vocation as her opinion only. The Commission in its determination did not adopt her opinion upon that subject, but agrees with her that one-half of the use of the hand was lost.

That the view and the testing of the hand by the Commissioner were important and may override the expert testimony must be conceded. In appeals from the Court of Claims, where the court has viewed the premises and has based its award upon its view and has not adopted the expert evidence, we consider that the view may well control the experts' opinions.

The actual injury to the fingers was apparent. A loss of grip of the hand could be well ascertained by any person upon a practical test. It was not a question for expert evidence, but was a plain matter of common sense. The Commission could not have any better evidence before it than the results of the test made by Commissioner Perkins. The question for us to consider is only whether there is any evidence upon which the award can stand. I feel that we are reviewing the determination of a question of fact, which the statute prohibits us from doing. I favor an affirmance.

KILEY, J., concurs.

Award reversed and case remitted to the State Industrial Commission to make an award in accordance with the opinion of WOODWARD, J.