LOUISE V. DODGE, Appellant, v. JAMES A. GOODRICH, Respondent.— Order and judgment reversed on the law and new trial granted, with costs to the appellant to abide the event, on the ground that the evidence presented a question of fact to be determined by the jury. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. ELEANOR FELTON, Respondent, v. ALEXANDER SMITH & SONS CARPET COMPANY, Appellant.— Award modified by deducting therefrom twenty-seven dollars and twenty-five cents compensation for two weeks during which the claimant worked, and as so modified unanimously affirmed, without costs.

Before STATE INDUSTRIAL BOARD, Respondent. JAMES A. GALLAGHER, Respondent, v. LORD & BURNHAM COMPANY and Another, Appellants.— Awards unanimously affirmed, with costs in favor of the State Industrial Board.

ARTHIE R. GRISWOLD, Appellant, v. JOHN M. BUDINGTON, Appellant, Impleaded with Others.— Judgment unanimously affirmed, with costs. McCann, J., not sitting.

GENERAL CARBONIC COMPANY, Respondent, v. JULIUS BRAUNSTEIN and Another, Appellants.— Order unanimously affirmed, with ten dollars costs and disbursements.

GENERAL CARBONIC COMPANY, Respondent, v. JULIUS BRAUNSTEIN and Another, Appellants.— Order unanimously affirmed, with ten dollars costs and disbursements.

Before STATE INDUSTRIAL BOARD, Respondent. FREDERICK HASSFURTER, Respondent, v. LINDLEY M. GARRISON, as Receiver of NEW YORK CONSOLIDATED RAILROAD COMPANY, Appellant.— Award reversed and claim remitted to the State Industrial Board, with costs to the appellant against said Board to abide the event. Since there is not a loss of two or more fingers or of two or more phalanges of two or more fingers compensation may not be proportioned to the loss of use of the hand. (Workmen's Compensation Law, § 15, subd. 3, q.)* Compensation should be awarded under section 15, subdivisions 3, i, j, l and s,* for the total loss of the second finger and for the proportionate loss of use of the third and fourth fingers, of each of which claimant has suffered a permanent partial loss of use. All concur.

JULIENNE HESNER, Respondent, v. JOHN E. HESNER, Appellant.— Motion denied.

LELAND HILT, an Infant, by ANNIE HILT, His Guardian ad Litem, Respondent, v. UNITED TRACTION COMPANY, Appellant.— Judgment and order unanimously affirmed, with costs.

HOWARD S. HALL and Another, Respondents, v. FRANK J. VAN COTT, as Surviving Partner of the Copartnership of J. W. VAN COTT & SON, Appellant.— Judgment unanimously affirmed, with costs.

LENA KANE, as Administratrix, etc., of ARTHUR P. KANE, Deceased, Respondent, v. STATE OF NEW YORK, Appellant.— Judgment affirmed, with costs. All concur, except Hinman, J., dissenting.

EDWARD C. KLAPP, Respondent, v. EDNA B. MERWIN, Individually and as Executrix, etc., of N. L. MERWIN, Deceased, Appellant.— Motion denied, with ten dollars costs.

Before STATE INDUSTRIAL BOARD, Respondent. ELIZABETH KOBLAK, Respondent, Impleaded with THOMAS W. MILLER, Alien Property Custodian, Appellant, v.

---

* See Workmen's Compensation Law of 1922, § 15, subd. 3, ¶¶ i, j, l, q, s, respectively.— [REP.