Before STATE INDUSTRIAL BOARD, Respondent.

PHILIP J. GROSS, Respondent, *v.* HUDSON READE CORPORATION and Another, Appellants.

Third Department, March 3, 1926.

Workmen's compensation — award — Workmen's Compensation Law, § 15, subd. 3, par. q, does not limit award for percentage loss of use of hand to cases coming within its terms only — where hand itself is severely injured as well as fingers thereon award may be made for percentage loss of use under paragraph s of said subdivision 3.

A claimant whose left hand was crushed and mangled may be granted an award under paragraph s of subdivision 3 of section 15 of the Workmen's Compensation Law for a percentage loss of use of the hand, and that right is not limited by paragraph q of said subdivision on the ground that the loss to claimant does not come within that paragraph, for an award may be made for a percentage loss of use of a hand where the hand itself is injured although the injury to the fingers is not such as to entitle the claimant to an award for a percentage loss of use under said paragraph q.

APPEAL by Hudson Reade Corporation and another from an award of the State Industrial Board, made on the 14th day of August, 1925.

*Nadal, Jones & Mowton* [*Edward P. Mowton* of counsel], for the appellants.

*Albert Ottinger, Attorney-General* [*E. C. Aiken,* Deputy Attorney-General, of counsel], for the respondents.

VAN KIRK, J. The sole objection is that the award is excessive. It is made for fifty per cent loss of use of the left hand. Appellants think that it should have been made solely for loss, or loss of use, of digits.

While claimant was wiping cables on a freight elevator his left hand was caught and considerably crushed and mangled. Some twenty-two stitches were taken in treating the hand; the thumb

was amputated at the distal joint and there was almost complete ankylosis in the metacarpal joint of the thumb. The index finger was torn and there resulted a complete ankylosis of the distal joint, with marked restriction at the proximal phalangeal joint. There was injury to the distal joint of the middle finger, limiting full mobility. The grasping power of the hand was impaired. Dr. Doyle expressed the opinion that the above injuries as described by him were permanent and that the loss is equivalent to the loss of one-half of the left hand.

It is insisted that, because there is not a loss of two or more digits, or of one or more phalanges of two or more digits, the award may not be for a proportion of the loss of use of the hand. This position is taken under section 15, subdivision 3, paragraph q, of the Workmen's Compensation Law. We do not think this provision describes the only condition under which an award for a proportionate loss of use of the hand may be allowed. It refers to cases where the injury is limited to the fingers or thumb and where portions thereof have been taken off by the accident or by amputation. In this case the hand itself was considerably lacerated. Not only has there been amputation of the distal phalanx of the thumb, but there is ankylosis of joints of the thumb and index finger. While the doctor does not describe particularly to what the loss of grasping power is due, a description of the injury discloses that it is not solely due to the loss of part of the thumb. There is an almost complete loss of use of the thumb and of the index finger, together with a partial loss of use of the middle finger. Section 15, subdivision 3, paragraph s, of the Workmen's Compensation Law provides: " Compensation for permanent partial loss or loss of use of a member may be for a proportionate loss or loss of use of the member." The hand is a member, and there has been a partial loss of use of the hand. The only evidence as to the percentage of loss of use is that given by Dr. Doyle.

The award should be affirmed, with costs to the State Industrial Board.

Award unanimously affirmed, with costs to the State Industrial Board.