In the Matter of the Claim of WILLIAM J. ROUNDS, against DAVIS FURNITURE COMPANY et al., Appellants. THE STATE INDUSTRIAL BOARD, Respondent.

(Argued February 11, 1929; decided March 19, 1929.)

*John S. Leonard* for appellants. The claimant is not entitled to compensation for loss of use of his hand. (*Grammici* v. *Zinn*, 219 N. Y. 322; *Kanzar* v. *Acorn Manufacturing Co.*, 219 N. Y. 326; *Clayton* v. *Foundation Co.*, 193 App. Div. 822; *Matter of Hassfurter* v. *Garrison*, 210 App. Div. 802; *Sonelli* v. *Knickerbocker Ice Co.*, 212 App. Div. 843; *Matter of Gross* v. *Hudson Reade Corp.*, 215 App. Div. 632; *Karasik* v. *Helfand Shoe Co.*, 217 App. Div. 708; *Schlosser* v. *American Hide & Leather*

*Co.*, 221 App. Div. 827; *Young* v. *Norton*, 225 N. Y. Supp. 926.)

*Hamilton Ward, Attorney-General (E. C. Aiken* of counsel), for respondent. The award to the claimant for thirty per cent loss of the use of the left hand was properly made. (*Gross* v. *Hudson Reade Corp.*, 215 App. Div. 632; *Young* v. *Norton Co.*, 222 App. Div. 783; *Schlosser* v. *American Hide & Leather Co.*, 221 App. Div. 827; *Neigel* v. *Consolidated Can Corp.*, 222 App. Div. 787.)

CRANE, J. A very perplexing question has arisen in this case due to the uncertainty in the application of subdivision 3(q) and 3(s) of section 15 of the Workmen's Compensation Law (Cons. Laws, ch. 67). Can an award be made for the proportionate loss of the use of a hand under subdivision 3(q) where the injury is the loss of the distal joint of the second finger and the stiffening of the joints and *partial* loss of the use of the index finger of the left hand?

On February 7, 1927, an award was made to the claimant for 50 per cent loss of the use of the left second finger, amounting in all to 15 weeks' compensation, a total of $282.75 at $18.85 per week. This was in accordance with the schedules of subdivision 3, section 15, for a permanent partial disability (i) second finger 30 weeks' compensation. By paragraph (n) of this subdivision the loss of the first phalange shall be one-half of the compensation for the loss of the entire digit. As 30 weeks were allowed under (i) for the second finger, the loss of the first phalange of the second finger called for 15 weeks, the allowance which was thus made by the Industrial Commission. This amount was paid in full by the insurance carrier

Later, on May 10, 1927, the Industrial Board made an award for the index finger of the same hand amounting to 50 per cent loss, in all 23 weeks, at $19.04 per week, a total of $437.92, less payments already made. Under (s)

of subdivision 3, compensation for the permanent partial loss of the use of a member may be for the proportionate loss of the use of the member. Under (r) a total loss of the use of a member is the same as the loss of the member. The loss of the first finger under subdivision 3 (g) calls for 46 weeks' compensation. Fifty per cent loss of the use of the first finger, therefore, entitled the claimant to 23 weeks' compensation, which was the award made for the partial loss of this index finger.

Later a third award was made based upon a partial loss of the use of the hand under paragraph (q). Notice of the award is dated September 26, 1927, but the findings and the award are dated April 26, 1928. The findings state: " He [claimant] sustained an amputation of the second finger of his left hand at the first joint and laceration of the index finger of his left hand, which injuries in turn caused the claimant to sustain a $66\frac{2}{3}\%$ flexion defect in the first finger of the left hand, amputation through the distal joint of the second finger of the left hand with a loss of a portion of the articular surface from the distal end of the middle phalanx of said second finger of the left hand and decrease in grasping power of the left hand, all of which are permanent. As a result of said accident and the injuries naturally and unavoidably resulting therefrom, said William J. Rounds sustained a permanent loss of use of 30% of his left hand." Paragraph (q) provides compensation for the loss of one or more phalanges of two or more digits to be proportioned to the loss of the use of the hand. The Commission, therefore, awarded 30 per cent of 244 compensatory weeks (c) or 73.2 weeks at $18.85 per week, amounting to $1,379.82, the employer and insurance carrier to be credited with payments already made.

This appeal brings up the question whether the Industrial Board was justified in making this last award, or in other words, whether the first two awards for injuries to the fingers as distinguished from an injury to the hand

other than the fingers were not the only awards which could have been made.

In *Matter of Grammici* v. *Zinn* (219 N. Y. 322) a claimant who lost the first, second and third fingers and the first phalange of the fourth finger of his right hand was held not to be entitled to compensation for the permanent loss of the use of his hand. This case was decided in November, 1916. The following session of the Legislature passed chapter 705 of the Laws of 1917, in which subdivision 3 of section 15 provided: " Where the injury results in the loss of more than one finger, compensation therefor may be awarded for the proportionate loss of the use of the hand thereby occasioned." The loss of *use* of a member was in the original act, Laws of 1914, chapter 41, subdivision 3, section 15, and read: " Loss of use. Permanent loss of the use of a hand, arm, foot, leg or eye shall be considered as the equivalent of the loss of such hand, arm, foot, leg or eye." In chapter 705 of the Laws of 1917, we find this enumeration extended to include the thumb, finger, toe or phalange. It may be that under this amendment of 1917, the loss of one finger and the permanent loss of the use of another finger or phalange might have justified compensation for the proportionate loss of the use of the hand. However this may be, chapter 615 of the Laws of 1922 enacted (q) as it now reads: " Two or more digits. Compensation for loss of two or more digits, or one or more phalanges of two or more digits, of a hand or foot may be proportioned to the loss of use of the hand or foot occasioned thereby but shall not exceed the compensation for loss of a hand or foot." Under (r) the total loss of the use of a *member* (not phalange as formerly) shall be considered the same as the loss of the *member*. Therefore, if we had the actual loss of one finger and the total loss of the use of another finger which under (r) constitutes the loss of the member, there might be compensation awarded for the proportionate loss of the hand. Such, however, is not this case.

Here we have the loss of one phalange of the second finger and the *partial* loss of the use of the index finger. Paragraph (q) provides for loss and not the loss of use, except where the loss of use of a member is total so as to make it the same as the loss of the member. To justify an award for the proportionate loss of the use of the hand as we read paragraph (q) there must be at least the loss of two digits or of one or more phalanges of two or more digits. It does not include the loss of one phalange of one finger and the *partial* loss of the use of another finger.

This being so, the State Industrial Board was correct in its first awards, one for the loss of the phalange of the second finger according to subdivision 3 (i), with (n), and the other for the partial loss of the use of the first finger according to subdivision 3 (g), (s), less payments made.

This apparently was the view of the Appellate Division in *Clayton* v. *Foundation Co.* (193 App. Div. 822), so far as applicable; *Hassfurter* v. *Garrison* (210 App. Div. 802), and *Sanelli* v. *Knickerbocker Ice Co.* (212 App. Div. 843).

The case of *Gross* v. *Hudson Reade Corporation* (215 App. Div. 632) apparently involved an injury to the hand as well as injury to the fingers, and may be sustained upon this basis. But if it and *Schlosser* v. *American Hide & Leather Co., Inc.* (221 App. Div. 827); *Karasik* v. *Helf-and Shoe Company* (217 App. Div. 708), and *Neigel* v. *Consolidated Can Corp.* (222 App. Div. 787) have departed from the earlier rulings of the court in the first above cited cases, they cannot be sustained.

Compensation for permanent partial loss of use is found in chapter 705 of the Laws of 1917 and reads as follows: " For the partial loss or the partial loss of the use of a hand, arm, foot, leg or eye, compensation therefor may be awarded for the proportionate loss or proportionate loss of the use of such hand, arm, foot, leg or eye." Chapter 533 of the Laws of 1920 added the words " thumb, finger, toe or phalange," and chapter 615, Laws of 1922, section

15, subdivision 3(s), substituted the word " member " for the words " hand, arm, finger," etc.

The order of the Appellate Division and the award of the State Industrial Board should be reversed and the claim dismissed, with costs in all courts against the State Industrial Board.

CARDOZO, Ch. J., POUND, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Ordered accordingly.