In the Matter of the Claim of George Raffual, Respondent, against Oneida Bleachery, Inc., et al., Appellants. Workmen's Compensation Board, Respondent.— Appeal by an employer and insurance carrier from a decision and award of the Workmen's Compensation Board which awarded claimant 158⅗ weeks' compensation for 65% permanent loss of use of his right hand. The undisputed fact is that in claimant's compensable accident he sustained an injury to his right thumb which resulted in its amputation at the metacarpal-phalangeal joint and that aside from the total loss of the thumb there was no injury to any of the fingers of the hand or to the body of the hand. The statute (Workmen's Compensation Law, § 15, subd. 3, par. f) provides a schedule award for the total loss of a thumb at 75 weeks' compensation. No provision is made to compensate for any naturally resulting loss of use of a hand occasioned by the loss of a single digit. The statute allows compensation therefor only in the case the "loss or loss of use of two or more digits, or

one or more phalanges of two or more digits" of the hand. (Workmen's Compensation Law, § 15, subd. 3, par. q.) Under the undisputed facts the award in excess of 75 weeks' compensation was unauthorized. (*Matter of McLees* v. *Harper and Bros.,* 212 App. Div. 847; *Matter of Rounds* v. *Davis Furniture Co.,* 250 N. Y. 405, 409; *Matter of Clayton* v. *Foundation Co.,* 193 App. Div. 822, 824; *Matter of Dowling* v. *Gates & Co.,* 253 N. Y. 108, 109.) Decision and award reversed on the law, with costs against the Workmen's Compensation Board to which the claim is remitted for an appropriate award. Foster, P. J., Brewster, Bergan and Coon, JJ., concur; Heffernan, J., taking no part.