■ In the Matter of the Claim of ANTONIO PEDRO, Respondent, v LIBERTY LINES EXPRESS et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [667 NYS2d 859] —Appeal from a decision of the Workers' Compensation Board, filed October 23, 1996, which ruled that claimant had sustained a compensable injury and awarded workers' compensation benefits.

Claimant was employed as a mechanic when he amputated the thumb on his right hand just below the distal phalange, i.e., the first knuckle, resulting in the loss of over two thirds of the length of his thumb. The Workers' Compensation Board subsequently determined that claimant had sustained a permanent injury equal to a 50% schedule loss of the use of his right hand. The employer challenges this determination, contending that the Board's decision was erroneous inasmuch as the injury was exclusively to claimant's right thumb, not his right hand, and that such an award is in contravention of the Workers' Compensation Law which does not specifically provide that the loss of a single digit may be found to constitute and be compensated as the partial loss of function in a hand (*see,* Workers' Compensation Law § 15 [3] [q]). We decline to take such a rigid approach, preferring the more equitable view that "schedule allowances should not be deemed exclusive [when] the issue is treatment of a smaller member as a percentage loss of a larger" (14 Larson, Workers' Compensation Law § 58.23).

In this matter, the Board's principal medical examiner testified that while the injury in question was directly sustained by claimant's right thumb, the resulting damage obviously diminished the prehensile function of claimant's entire right hand, e.g., claimant is no longer able to grip objects with this hand. We conclude that the Board's finding of a 50% schedule loss of the use of claimant's right hand was supported by substantial evidence in the record and it is, accordingly, affirmed (*see, Matter of Evans v Great E. Lbr. Co.*, 141 AD2d 937; *Matter of Rockwell v Lewis*, 168 App Div 674, *appeal dismissed* 218 NY 692; *but cf., Matter of Raffual v Oneida Bleachery*, 280 App Div 1007).

Mikoll, J. P., Mercure, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.