■ In the Matter of the Claim of WILLIE BOZIER, Appellant, v A & P SHOPWELL et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [692 NYS2d 837] —Mikoll, J. P. Appeal from a decision of the Workers' Compensation Board, filed December 15, 1997, which ruled that claimant had no further causally related disability subsequent to September 1, 1994.

Claimant, a truck driver, injured his back at work in March 1993. The Workers' Compensation Board found that he had no further casualty related disability subsequent to September 1, 1994. Claimant appeals.

The record contains the testimony of two physicians: Joseph Saldanha, claimant's doctor, and Thomas Weiss, a Board medical examiner who examined claimant on September 1, 1994. Although Weiss examined claimant subsequently, no testimony regarding the April 2, 1996 examination was offered as the

---

physician was no longer available. Saldanha testified that claimant was totally disabled as of the last time he saw him, that is, August 8, 1994. Saldanha's opinion was based on his examination of claimant and his personal examination of claimant's EMG/NVC studies indicating that claimant had a right lumbosacral radiculopathy, which he opined fits in with root compression. Saldanha found evidence of bulging of a disc L5, S1 level in the MRI of claimant's back, which at that point was not conclusive, and further testified that a follow-up MRI and EMG was necessary in view of the fact that the prior ones were done too early postinjury to evaluate permanency. He was unable to testify as to claimant's condition on September 1, 1994, just three weeks after he found him totally disabled, as the Board disallowed any further consultations and treatment to claimant.

Testimony of Kenneth Seslow, a physician engaged by the workers' compensation insurance carrier, was precluded by the Workers' Compensation Law Judge for failure to report to testify on several occasions. His testimony thus is not part of this record. His written report cannot be the basis of the Board's decision.

The issues here are whether claimant was totally disabled after September 1, 1994 and whether his disability is permanent. The Board's finding in the negative is not based on substantial evidence; it decision must be reversed and the matter remitted for further development of the record. The only evidence in the record supports disability, either total as of August 8, 1994 or partial as of as September 1, 1994.

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.