■ In the Matter of the Claim of James Christiano, Respondent, v Wakefern Food Corporation, Appellant. Workers' Compensation Board, Respondent. [703 NYS2d 292] —Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed October 14, 1998, which ruled that claimant sustained a compensable injury and awarded workers' compensation benefits.

Claimant suffered a compensable injury to his right shoulder in January 1995. At an ensuing hearing on the issue of schedule loss of use, Paul Jones, the employer's orthopedic consultant, assessed a 12½% loss of use of the right arm based upon the conclusion that claimant suffered from a resection of the clavicle and pain associated with an operative procedure. After precluding claimant's treating physician, Robert Hendler, from testifying due to his unexplained failure to appear on two occasions, the Workers' Compensation Law Judge (hereinafter WCLJ) determined that claimant suffered a 12½% loss of use of his right arm. The Workers' Compensation Board modified the WCLJ's decision and determined that, based upon Jones' testimony and a report prepared by Hendler, the Board's medical guidelines required a finding that claimant suffered from a 25% loss of use. The employer appeals.

We reverse. Although the Board's findings on the issue of schedule loss of use will not be disturbed if supported by substantial evidence (*see, Matter of Pedro v Liberty Lines Express*, 246 AD2d 945), in this case we find insufficient support in the record for the Board's finding. In calculating the schedule loss of use figure pursuant to its medical guidelines, the Board apparently attributed 15% loss of use to an alleged rotator cuff tear diagnosed in Hendler's report. Inasmuch as Hendler's testimony was precluded by the WCLJ, however, the Board could not rely on his written report in rendering its decision (*see, Matter of Bozier v A & P Shopwell*, 263 AD2d 631, 632). The record is otherwise devoid of any competent medical proof that claimant suffered from a torn rotator cuff and, accordingly, the schedule loss of use calculation which allotted a percentage toward such an injury is not supported by substantial evidence and must be reversed (*see, id.; Matter of Marcera v Delco Prods., Div. of Gen. Motors Corp.*, 218 AD2d 888, *lv dismissed* 87 NY2d 896, *lv denied* 88 NY2d 804).

In view of this conclusion, we need not address the parties' remaining contentions.

Cardona, P. J., Crew III, Carpinello and Graffeo, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.