■ In the Matter of the Claim of CONSTANCE PAOLETTI, Appellant, v ELLIS & KUSTELL et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [733 NYS2d 808] —Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed April 14, 2000, which ruled that claimant was entitled to a schedule loss of use award rather than permanent partial disability benefits.

In December 1993, claimant filed for workers' compensation benefits claiming that she suffered from carpal tunnel syndrome in both hands and wrists as a result of constant and repetitive typing. By decision filed June 30, 1994, occupational disease, notice and causal relationship were established for both wrists, benefits were awarded at a tentative reduced earnings rate from December 15, 1993 and the case was continued.

At a hearing in March 1996 in the City of Buffalo, Erie County, claimant was examined by Pradip Das, a Workers' Compensation Board medical examiner, who reported claimant's condition was permanent and amenable to a schedule award and that she suffered a $7\frac{1}{2}\%$ loss of use of her right hand and $12\frac{1}{2}\%$ loss of use of her left hand. Repeated attempts by claimant's attorney to secure Das' testimony were unsuccessful. Based on Das' report, claimant was awarded a schedule loss of use for each hand, notwithstanding testimony from claimant's treating physician that claimant had continuing pain and needed continuing medical treatment, warranting

a permanent, partial disability classification of her condition and continuing monthly compensation payments. The schedule award was eventually affirmed by the Board and this appeal ensued.

It is well settled that if there is substantial evidence to support the Board's determination, it must be affirmed (*see, Matter of Pedro v Liberty Lines Express*, 246 AD2d 945; *Matter of Clifford v Larkin Rest.*, 31 AD2d 866, 867), and the findings of a Board medical examiner may provide the necessary substantial evidence (*see, e.g., Matter of Pedro v Liberty Lines Express, supra*, at 945). We also note that "[w]hether a condition is scheduled or should be the subject of a continuing reduced earnings award is a question of fact for the Board to resolve" (*Matter of Jett v Lew Mark Baking Co.*, 192 AD2d 895, 897).

Claimant contends that the schedule award was based solely on Das' report, which should have been stricken because she did not have an opportunity to examine him in connection therewith. Our review of the record reveals that although claimant's argument was raised on administrative appeal, the Board failed to address the merits thereof.[1] There is evidence in the record to demonstrate that claimant requested the opportunity to examine Das and exercised due diligence in attempting to secure his testimony. Notably, at the hearing on March 1, 1996, claimant's counsel requested the opportunity to take Das' testimony, but he had already left the hearing site to return to his home in New York City. Thereafter, the parties agreed, and the Workers' Compensation Law Judge (hereinafter WCLJ) directed, that they conduct a telephone deposition of Das.

In an attempt to comply with this directive, claimant's counsel immediately contacted the office of the Medical Director of the Board and was informed that policy did not permit telephone testimony by State medical examiners and that the Medical Director's preferred policy was to have the report of the unavailable physician stricken from the record and have claimant reexamined by a local State medical examiner who would be available for examination.[2] On June 13, 1996, all State medical examiners were discharged by the Board, so Das was no longer under the control of the Board and not able to be

---

1. The record also reflects that in claimant's earlier appeal of her schedule award, which resulted in the Board directing further development of the record, she argued that Das' report should have been stricken from the record but the Board did not address that issue in its decision.

2. This information was submitted to the WCLJ in an affidavit from claimant's counsel.

produced. Further attempts by claimant's counsel to locate and subpoena Das were thwarted by the Board's refusal to divulge Das' address, although we note that claimant's counsel requested this information prior to the June 13, 1996 discharge of the State medical examiners. Conversely, the WCLJ did offer to transfer claimant's file to a New York City venue so that she could attempt to locate, subpoena and examine Das. Consequently, we find that this matter must be remitted to the Board to determine whether Das' report of March 1, 1996 should be stricken from the record (*see,* 12 NYCRR 300.11 [c]).

Crew III, J. P., Peters, Spain and Mugglin, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.