■ In the Matter of the Claim of EDGAR FELICIANO, Appellant, v COPSTAT SECURITY CORPORATION et al., Respondent. WORKERS' COMPENSATION BOARD, Respondent. [816 NYS2d 219]—

Peters, J. Appeal from a decision of the Workers' Compensation Board, filed February 28, 2005, which ruled that claimant did not sustain a causally related disability and denied his claim for workers' compensation benefits.

Claimant, a security dispatcher, suffered various injuries during a motor vehicle accident and thereafter submitted a claim for workers' compensation benefits. Following several hearings, a workers' compensation law judge (hereinafter WCLJ) disallowed the claim, finding that, although claimant had sustained work-related injuries to his neck and back, there was no medical evidence demonstrating that said injuries resulted in any disability. In so holding, the WCLJ precluded Sherwood Jacobson, claimant's treating neurologist, and Bonnie Glassman, claimant's treating chiropractor, from testifying and struck their medical reports from the record based upon their repeated failure to appear for scheduled hearings. The Workers' Compensation Board upheld the WCLJ's decision and this appeal ensued.

We affirm. A review of the record reveals that Jacobson and Glassman each failed to appear to give testimony on two separate occasions, despite having been given due notice of the scheduled hearings and, indeed, having been served with subpoenas relative to their respective second hearings. Further, the record is devoid of any showing of "extraordinary circumstances" accounting for their nonappearances at the second hearings (12 NYCRR 300.10 [c]). Jacobson offered no explanation whatsoever for his absence and, although Glassman did send a letter after the fact advising as to her future availability to testify, she offered no justification as to why she had not

previously been available. Thus, we cannot conclude that the Board erred in upholding the WCLJ's resolution of the claim without testimony from Jacobson and Glassman (*see* 12 NYCRR 300.10 [c]). Moreover, inasmuch as their testimony was precluded, their medical reports could not be relied upon (*see Matter of Musa v Nassau County Police Dept.*, 276 AD2d 851, 852 [2000]; *Matter of Christiano v Wakefern Food Corp.*, 269 AD2d 651, 651 [2000]; *Matter of Bozier v A & P Shopwell*, 263 AD2d 631, 632 [1999], *lv dismissed* 94 NY2d 814 [1999]).

Claimant's remaining contentions, including his assertion that the Board's decision should be overturned in the interest of justice, have been examined and found to be unavailing.

Cardona, P.J., Mercure, Spain and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.