Matter of DeLucia v Greenbuild, LLC (2020 NY Slip Op 02337)





Matter of DeLucia v Greenbuild, LLC


2020 NY Slip Op 02337


Decided on April 23, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 23, 2020

528344

[*1]In the Matter of the Claim of Frank DeLucia, Appellant,
v
Greenbuild, LLC, et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: February 18, 2020

Before: Egan Jr., J.P., Lynch, Mulvey, Devine and Colangelo, JJ.


John F. Clennan, Ronkonkoma, for appellant.
Vecchione, Vecchione, Connors & Cano, LLP, Garden City Park (Brian M. Anson of counsel), for Greenbuild, LLC and another, respondents.
Foley, Smit, O'Boyle & Weisman, Hauppauge (Warren J. Fekett of counsel), for ACE American Ins. Co., respondent.



Mulvey, J.
Appeal from a decision of the Workers' Compensation Board, filed July 12, 2018, which ruled, among other things, that claimant did not sustain causally-related injuries and denied his claim for workers' compensation benefits.
Claimant submitted a workers' compensation claim for various injuries that he attributed to repetitive motion while working in construction as a drywall finisher. The claim was controverted by claimant's employers and their workers' compensation carriers (hereinafter collectively referred to as the carriers). Following a hearing, by decision filed in June 2017, the case was transferred to a special part for expedited hearings (see Workers' Compensation Law § 25 [3] [d]), and the parties were directed to submit — within 55 days — transcripts of depositions of three of claimant's treating physicians, George Kakoulides, Bennett Brown and Robert Lippe (see 12 NYCRR 300.38 [g] [11]). Depositions were not completed within the required 55 days. Between August 2017 and January 2018, attorneys for the carriers served a series of five subpoenas duces tecum, with notices to take depositions, on each of the three physicians, directing them to appear on specified dates and to produce their treatment records. At two hearings held after the deadline — in October 2017 and December 2017 — a Workers' Compensation Law Judge (hereinafter WCLJ) essentially granted extensions of time in which to complete the depositions, apparently due, in part, to notice of the claim being provided to an additional employer and its carrier. At the December appearance, the WCLJ indicated that he would issue a reserved decision after the depositions were completed.
Brown and Lippe ultimately failed to appear on any of the dates repeatedly rescheduled for their depositions, and they were never deposed. After four nonappearances, Kakoulides, claimant's neurosurgeon, ultimately testified in February 2018, opining that claimant's diagnosis was "severe degenerative disc disease" but conceding that he was unable to offer an opinion regarding causation. With one exception, the only reason given for the physicians' nonappearances is the general statement that they were not available on the scheduled dates. The orthopedic surgeon who conducted an independent medical examination of claimant for the carriers submitted a report finding no evidence that claimant's diagnosis of generalized degenerative idiopathic osteoarthritis was causally related to his employment.
The WCLJ issued a reserved decision disallowing the claim, finding that Brown and Lippe had failed to make themselves available for testimony and that Kakoulides was unable to provide evidence of causation. On claimant's administrative appeal, the Workers' Compensation Board affirmed. The Board found, among other things, that the testimony and reports of Brown and Lippe were properly precluded, rejecting claimant's request for additional time to arrange for their depositions. Claimant appeals.
We affirm. We are not persuaded by claimant's argument that the Board erred either in precluding the testimony and reports of Brown and Lippe or in disallowing the claim. Claimant's contentions are premised upon the erroneous supposition that the carriers were obligated to enforce the subpoenas of these witnesses through court action pursuant to 12 NYCRR 300.10 (c), rather than moving to preclude. To begin, it was claimant who bore "the burden of establishing, by competent medical evidence, a causal relationship between [his] injur[ies] and his . . . employment" (Matter of Cartafalsa v Zurich Am. Ins. Co., 175 AD3d 1762, 1763 [2019] [internal quotation marks and citation omitted]). The parties, all of whom intended to depose or rely on claimant's treating physicians, were directed to conduct those depositions within 55 days, which did not occur; at least two extensions were granted to accomplish this and, although the physicians were subpoenaed on five separate occasions, Brown and Lippe failed to attend any of the scheduled dates. No valid explanation or sufficient excuse was ever provided by claimant for their failure to appear, and no "extraordinary circumstances" were shown to warrant a further extension of time for depositions in this expedited case (12 NYCRR 300.10 [c]). Even when the physicians failed to appear for a fourth and fifth scheduled subpoenaed deposition on February 13, 2018 and February 16, 2018, respectively, claimant's attorneys merely requested further extensions, stating that the law firm would continue its unspecified efforts to obtain the physicians' testimony and follow up with their medical offices to determine the reasons for their nonappearances. Although the carriers requested preclusion on several occasions, claimant merely generically opposed that request with no indication that the physicians' testimony could be procured. Even in February 2018, almost seven months after the depositions were ordered, the affirmation of claimant's attorney requesting another extension only conclusorily alleged that the two physicians "are not available within the [time frame] requested" due to their "limited availability."
While claimant is correct that the carriers could have invoked court action to enforce and compel compliance with their subpoenas in order to cross-examine the treating physicians (see 12 NYCRR 300.10 [c]; CPLR 2308 [b]), the carriers were not obligated to do so. Indeed, the Board has addressed the effect of the regulation addressing adjournments of carrier-requested depositions on preclusion of physician testimony and reports, and has interpreted the regulation as requiring a review of the carrier's compliance with any direction by the WCLJ when an extension of time was granted (see Employer: Town of Hempstead Dept. of San., 2017 WL 2714073, *3, 2017 NY Wrk Comp LEXIS 8594, *7-9 [WCB No. G079 9815, June 19, 2017]; Employer: Raymond Desamours, 2016 WL 7494019, *5-7, 2016 NY Wrk Comp LEXIS 13667, *15-18 [WCB No. G100 7356, Dec. 22, 2016]). Notably, "[t]he directions set forth in the WCLJ's decision are to specify the terms of the additional adjournment (i.e. the deadline and whether the filing of an affidavit of service or enforcement of a subpoena is required)" (Employer: Raymond Desamours, 2016 WL 7494019 at *5). Specifically, the Board has determined that, "[w]ith respect to enforcement of a subpoena, if the WCLJ's decision granting a[n additional] adjournment required the carrier to enforce a subpoena, then the failure to do so should result in a finding that the carrier has waived its right to cross-examine [the] claimant's doctor. If the WCLJ's decision granting a[n additional] adjournment is silent as to enforcement of a subpoena, however, no such obligation exists. While 12 NYCRR 300.10 (c) notes only that the obligation to invoke court action is that of the carrier, the regulation does not specifically require that this occur" at any specific time (Employer: Raymond Desamours, 2016 WL 7494019 at *6). Inasmuch as the WCLJ did not direct the carriers to enforce their subpoenas when permitting additional time for the depositions, the carriers had no obligation to seek court orders to compel the attendance of claimant's treating physicians rather than to seek preclusion of their testimony and reports (Employer: Town of Hempstead Dept. of San., 2017 WL 2714073 at *3; Employer: Consolidated Edison Co. of NY, 2017 WL 2714035, *5, 2017 NY Wrk Comp LEXIS 8556, *11-12 [WCB No. G129 7812, June 15, 2017]).
Contrary to claimant's argument, the presumption contained in Workers' Compensation Law § 21 (5) for medical reports does not limit the Board's authority to preclude the testimony and reports of treating physicians who fail to appear for depositions under subpoena.[FN1] By ordering, seven months earlier, that the case be expedited and transcripts of the depositions be produced, a WCLJ had put the parties on notice that, "[a]bsent good cause shown as to why a deposition was not taken and the transcript(s) filed as directed, the record may be closed and a decision rendered." Under these circumstances, we discern no basis upon which to conclude that the Board erred in resolving the claim on the record before it, without the testimony or reports of the two physicians who failed to appear for any of the scheduled depositions (see 12 NYCRR 300.10 [c]; Matter of Feliciano v Copstat Sec. Corp., 29 AD3d 1243, 1243-1244 [2006]). Given the absence of evidence of causation, the claim was properly denied (see Matter of Kaplan v New York City Tr. Auth., 178 AD3d 1262, 1264 [2019]).
Egan Jr., J.P., Lynch, Devine and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Claimant's argument that he was entitled to the statutory presumption in Workers' Compensation Law § 21 is unpreserved, as he did not raise this issue before the WCLJ or the Board.