■ In the Matter of the Claim of CLARA EHRLICH, Appellant, v CHOCK FULL O'NUTS CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Harvey, J. Appeal from a decision of the Workers' Compensation Board, filed September 17, 1987, which ruled that claimant did not sustain a subsequent causally related disability and denied her claim for workers' compensation benefits.

On October 15, 1976, claimant sustained severe injuries when she fell down the stairs at her place of employment, a Chock Full O'Nuts Corporation restaurant in New York City. As a result of this accident, claimant applied for workers' compensation benefits and was eventually awarded a 7½% schedule loss of use for her left leg. Thereafter, the case was reopened when claimant reinjured herself by tripping and falling on a sidewalk on March 9, 1978. Numerous hearings were then held wherein testimony was taken as to the issue of any further causally related disability and also any consequential damage suffered by claimant. Eventually, by decision filed May 7, 1982, a Workers' Compensation Law Judge (hereinafter WCLJ) awarded claimant 7½% schedule loss of the left leg and 10% schedule loss of the right leg. No further causally related disability was found and the case was closed. Over the next few years, claimant pursued various appeals from this decision, arguing that she suffered from a greater degree of disability than was found by the WCLJ. The case was eventually reopened and more hearings were held and medical evidence taken. Thereafter, a WCLJ closed the case on December 5, 1985 finding that claimant had no disability subsequent to the May 7, 1982 decision which was causally related to her original October 15, 1976 injury. Claimant's appeal of this decision resulted in a final determination by the Workers' Compensation Board affirming the December 5, 1985 decision and closing the case. Claimant now appeals.

We affirm. Despite claimant's vehement arguments otherwise, there is substantial evidence in the record to support the Board's determination *(see, Matter of Kapogiannis v Vassar Coll.,* 141 AD2d 947). Faced with conflicting medical evidence, the Board chose to credit the doctors' opinions which discounted a subsequent causally related disability. Since the Board's reliance on these opinions was wholly within its province *(see, supra),* we will not disturb these findings on appeal. Claimant's various allegations of negligence, malpractice, conspiracy and impropriety on the part of her former attorney and past treating physicians have been examined and have been found to be either unsubstantiated or lacking in merit.

Decision affirmed, without costs. Kane, J. P., Yesawich, Jr., Levine, Mercure and Harvey, JJ., concur.