■ In the Matter of the Claim of DONNA R. GAYLORD, Appellant, v ICHABOD CRANE CENTRAL SCHOOL DISTRICT, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [670 NYS2d 262] —Peters, J. Appeal from a decision of the Workers' Compensation Board, filed February 10, 1997, which, *inter alia*, ruled that claimant sustained a compensable injury and awarded workers' compensation benefits.

On January 12, 1994, claimant, a school bus driver, began transporting two children with learning disabilities. One of the students was an autistic child who continually kicked the back of claimant's seat and the other was a nonambulatory child with cerebral palsy who had to be lifted into the back seat of the vehicle. Apparently the heavy lifting combined with the rhythmic kicking caused claimant to experience muscle spasms and pain in her lower back that affected her breathing. Claimant sought treatment from a chiropractor, Glenn Rugen, for her complaints but, on March 11, 1994, she had to go to the emergency room because of the pain. Although claimant tried to return to work on three occasions over the next few months, the pain was too great and she gave her notice in July 1994. In October 1994, claimant began treating with a general practitioner, Robert Davenport, who opined that, along with a causally related low back condition, claimant had developed causally related fibromyalgia and was permanently disabled as a result.

Claimant applied for workers' compensation benefits. At the various ensuing hearings, Rugen and Davenport testified on claimant's behalf while Dominic Belmonte testified as a medical expert on behalf of the employer's workers' compensation carrier. Belmonte concurred in the diagnosis of fibromyalgia but opined that it was a longstanding preexisting chronic condition. After considering this and other medical proof, the Workers' Compensation Board ultimately issued a decision indicating that the only causally connected injury claimant sustained was "a compensable minor back strain that had completely resolved by * * * 7/18/94". Although the Board restored the case to the calendar for appropriate awards claimant appeals, arguing that she suffered from a greater degree of disability than was found by the Board.

Upon review of the record, we conclude that the Board's decision must be affirmed. Contrary to claimant's argument, the testimony of Belmonte provided substantial evidence to support the Board's implicit conclusion that claimant did not establish that her fibromyalgia was a subsequent causally related disability (*see, Matter of Ehrlich v Chock Full O'Nuts Corp.*, 146 AD2d 878). Despite the presence of contrary medical proof, it was within the Board's province to resolve the conflicting evidence in favor of the employer (*see, Matter of Boyce v Michelangelo Gen. Contrs.*, 195 AD2d 768).

Finally, we are unpersuaded by claimant's argument that the Board's decision was insufficient for meaningful judicial review.

Mercure, J. P., White, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.