■ In the Matter of the Claim of RODNEY WASHINGTON, Appellant, v MONTEFIORE HOSPITAL et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [777 NYS2d 524]—

---

Kane, J. Appeal from a decision of the Workers' Compensation Board, filed December 19, 2002, which, inter alia, ruled that the testimony and report of the employer's medical expert were properly received in evidence.

Claimant, a mechanical engineer, was injured at work when he fell down some stairs. He filed a claim for workers' compensation benefits and his case was established for accident, notice and causal relationship. At a hearing, the Workers' Compensation Law Judge (hereinafter WCLJ) made awards from the date of the injury until the employer submitted proof contesting further disability. With respect to claimant's disability after such time, the WCLJ set the case down for further development of the record, specifically for the testimony of two of claimant's medical experts and the employer's expert, Robert Orlandi. During the hearing, claimant's counsel objected to Orlandi's deposition being taken over the telephone. The WCLJ did not directly address claimant's objection, but rather directed that all medical testimony would be obtained by deposition and that Orlandi's deposition would take place "in his office area." Orlandi had offices in New York City and Connecticut. The WCLJ set a date for submission of the deposition transcripts, after which he would make a decision on the issue of further causally related disability.

Claimant's counsel sent a letter reiterating his demand to depose Orlandi in person and offered his offices for such purpose. By letter of the same date, the employer's counsel indicated that he was prepared to proceed with Orlandi's deposition scheduled for a specific date by telephone with the court reporter in counsel's office, and served a "Notice for Deposition of Non-Party Witness By Telephone" consistent therewith. Claimant's counsel never responded to this letter or the notice to take deposition (see CPLR 3112), nor made an application to the WCLJ to vacate the notice. At the time of the scheduled deposition, claimant's counsel did not appear at the employer's counsel's office. When the employer's counsel called claimant's counsel at the time scheduled for the deposition to begin, claimant's counsel objected, but not on the record, to the conduct of the telephone deposition, but made no specific objec-

tion to the manner by which the witness would be sworn. Claimant's counsel refused to participate in the deposition. After being sworn in by a court reporter who was present at the New York office of the employer's counsel, Orlandi proceeded to testify from his office in Connecticut, opining that claimant was no longer disabled and could return to work without restrictions.

Following the consented-to telephone deposition of one of claimant's experts, the WCLJ, crediting Orlandi's testimony and report, found that claimant did not suffer from a further causally related disability. The Workers' Compensation Board affirmed that decision, finding that claimant waived any objections to Orlandi's testimony, particularly concerning the sufficiency of the oath, by not raising an objection at the time of the deposition. Claimant now appeals.

Although the formal rules of evidence and procedure set forth in the CPLR generally do not apply in workers' compensation proceedings (*see* Workers' Compensation Law § 118), depositions are to be conducted in the manner prescribed by CPLR article 31 (*see* Workers' Compensation Law §§ 121, 142 [3] [b]; Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 121, at 306; *Matter of De Marco v Millbrook Equestrian Ctr.*, 287 AD2d 916, 917 [2001]). The conduct of depositions is governed by CPLR 3113, which provides, in relevant part, that "[t]he officer before whom the deposition is to be taken shall put the witness on oath and shall personally, or by someone acting under his direction, record the testimony" (CPLR 3113 [b]). This section contemplates that the party authorized to administer the oath, typically a notary public, be present during the witness's testimony (*see* Siegel, Practice Commentaries, McKinney's Cons Law of NY, Book 7B, CPLR 3113, at 524; Siegel, NY Prac § 356, at 554 [3d ed]). Here, the court reporter who administered the oath to Orlandi and transcribed the testimony was not present in Orlandi's Connecticut office during his testimony. Rather, he was present at the New York office of the employer's counsel where he heard Orlandi's testimony over the telephone. Consequently, the deposition was not conducted in accordance with the requirement of CPLR 3113 (b) (*see* 12 NYCRR 300.9 [requiring witnesses in workers' compensation matters to testify under oath]).

Relying on CPLR 3115 (b), the Board nevertheless contends that claimant waived this claim by failing to raise an objection at the time Orlandi's deposition was being taken. CPLR 3115 (b) provides that objections to errors and irregularities in the

oath or affirmation are waived unless "reasonable objection thereto is made at the taking of the deposition." This waiver is applicable if the error is of the type "which might be obviated or removed if objection were promptly presented" (CPLR 3115 [b]; *see* Siegel, Practice Commentaries, McKinney's Cons Law of NY, Book 7B, CPLR 3115, at 544). By not raising a specific objection to the manner by which the oath was administered, claimant's counsel prevented any correction of the defect, such as by locating a person qualified to administer the oath who could be present in Orlandi's Connecticut office. While we do not condone parties conducting depositions of witnesses without a proper oath being administered, under the circumstances it was not unreasonable for the Board to conclude that the defect was waived. Accordingly, the Board could properly resolve the dispute among the expert witnesses by relying on Orlandi's testimony and report, which provided substantial evidence for the Board's determination (*see Matter of Gaylord v Ichabod Crane Cent. School Dist.*, 248 AD2d 925 [1998]).

Crew III, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.