In the Matter of the Claim of MARTHA VENTURA, Appellant, v GOTHAM PER DIEM, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [787 NYS2d 495]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed August 15, 2003, which ruled that claimant did not sustain a causally related injury and denied her claim for workers' compensation benefits.

Claimant, a home health aide, injured her neck and back while lifting a patient. She filed a claim for workers' compensation benefits, which was controverted by her employer. Hearings were thereafter conducted and the testimony of claimant was scheduled. However, because claimant's attorney was unable to attend the hearing, claimant's deposition was taken instead. Upon considering only claimant's deposition testimony and documentary evidence in the file, the Workers' Compensation Board concluded that claimant did not sustain a causally related injury and disallowed the claim. Claimant appeals, arguing, among other things, that the Board should not have relied on the transcript of her deposition testimony because she did not have an opportunity to review the transcript as required by CPLR 3116 (a).

Initially, we note that Workers' Compensation Law § 121 specifically provides that "[t]he . . . board may cause depositions of witnesses residing within or without the state to be taken in the manner prescribed by law for like depositions in civil actions in supreme court." Thus, the statute clearly contemplates compliance with the CPLR with respect to the manner in which depositions are conducted in workers' compensation proceedings (*see Matter of Washington v Montefiore Hosp.*, 7 AD3d 945, 947 [2004]). CPLR 3116 (a) requires that, before its use, the transcript of the deposition of a witness must be provided to the witness for his or her review and signature, and any changes in form or substance desired by the witness shall be recorded (*see Roberts v Ausable Chasm Co.*, 47 AD2d 979, 980 [1975]). Although we agree that CPLR 3116 (a) should have been complied with, we find the omission not to be error because claimant has identified no changes to her testimony that would have been made if she had been given the opportunity nor has she otherwise shown that any prejudice resulted from this procedural irregularity (*see Heliodore v State of New York*, 305 AD2d 708, 709 [2003]). Claimant's other contentions have been considered and found to provide no basis for disturbing the Board's decision.

Crew III, J.P., Peters, Carpinello and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.