◼ In the Matter of the Claim of VITTORIO MANFREDI, Respondent, v. BABCOCK CONSTRUCTION CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GREENBLOTT, J. Appeal by employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed October 17, 1968. The board found " that the claimant has a permanent

total disability which is attributable 50% to the compensable accidental injury sustained by him on December 14, 1964 * * * 25% to the compensable accidental injury of July 12, 1964 * * * and 25% to the unrelated condition." Respondent, a foreman–pipe layer, sustained a back injury on July 12, 1964 when he lifted a concrete block and suffered a low back strain for which compensation was awarded. He continued to work until late October with the exception of a 26-day period beginning in late July during which he was hospitalized for one week. Although his condition improved, he was required to wear a corset and was advised to limit himself to "light" work. On December 14, 1964, respondent was struck by a water pipe weighing between 700 and 800 pounds, suffering multiple fractures to his pelvis, legs and right ankle, and a contusion of the left kidney. The ankle injury resulted in the shortening of his right leg. The claimant has not returned to work since. Appellant voluntarily paid total disability compensation benefits commencing December 15 until July 13, 1966 when partial disability benefits were paid until October 10, 1967. Appellants contend that the record lacks substantial evidence to support the board's finding that 25% of claimant's disability is due to the accident of July 12, 1964; that the disability resulting from the accident of December 14, 1964 was in the nature of a schedule award of 40% of the left leg; and that the claims should not have been combined to arrive at a total disability. Substantial evidence supports the board's determination that both accidents were competent producing causes of respondent's total disability. Testimony by claimant's attending orthopedic surgeon established that respondent's "over-all total disability" was partially due to the impaired condition of his back. He further testified that both accidents contributed to the permanent disability. Based on the medical testimony, the award of 25% of the permanent total disability to the accident of July 12, 1964, and 50% of the permanent total disability to the accident of December 14, 1964, was proper. The board was also entitled to make a continuing disability award rather than a schedule award since medical testimony established that respondent suffered a continuing condition of pain and swelling (*Matter of Clifford* v. *Larkin Rest.*, 31 A D 2d 866). No error was committed in considering the two accidents in a single proceeding (*Matter of Mumblo* v. *Dempsey Block & Steel*, 26 A D 2d 730). Decision affirmed, with one bill of costs to respondents filing briefs. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Greenblott, J.