■ In the Matter of the Claim of ALBERT CLARK, Respondent, v GENERAL ELECTRIC COMPANY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed October 28, 1976 as amended by decision filed August 9, 1977, and from a decision filed February 17, 1978. The board found that claimant had a permanent partial disability, 50% chargeable to an injury on November 23, 1971 and 50% chargeable to an injury in February, 1972. Initially, appellants contend that there is no substantial evidence to support the board's decision that claimant has a permanent partial disability. Appellants argue that instead claimant should have been awarded a 15% scheduled award. Where there is a continuing condition of pain or continuing need for medical treatment or the medical condition remains unsettled, then an award for continuing disability benefits is indicated (Matter of Clifford v Larkin Rest., 31 AD2d 866). The choice between a schedule and nonschedule award raises a question of fact for the board's determination (p 867). An impartial orthopedic specialist submitted a report to the board in which he stated that claimant had a mild partial disability in his neck and left shoulder. This physician also stated that when claimant was examined by him, claimant continued to experience pain on extension and bending of the neck and in the shoulder on overhead elevation. Although contradictory testimony was given by this physician, the board was free to selectively adopt or reject segments of his medical opinion (Matter of Rodriguez v Atlantic Gummed Paper Corp., 61 AD2d 873). Upon consideration of the entire record we are of the opinion that there is substantial evidence in the record to support the board's decision to make a continuing disability award rather than a schedule award and, therefore, the decisions should not be disturbed (Matter of Manfredi v Babcock Constr. Corp., 33 AD2d 852). Appellants also argue that no claim was ever filed by claimant for a work-related injury occurring in February, 1972 and, consequently, the board improperly charged 50% of claimant's disability to said alleged injury. In appellants' application to the board for review, however, this issue was not raised. Consequently, we may not properly consider the issue on this appeal (Matter of Middleton v Coxsackie Correctional Facility, 38 NY2d 130; Matter of Onofri v Syracuse China Corp., 63 AD2d 774). Decisions affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Sweeney, J. P., Kane, Staley, Jr., Mikoll and Herlihy, JJ., concur.