■ In the Matter of the Claim of CHRISTOPHER SACCOMONDO, Respondent, v DEMBER CONSTRUCTION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed July 9, 1982. On April 26, 1972, claimant sustained injuries to both feet as the result of a fall on a construction job. A scheduled award was made based on the injury to the feet. Thereafter, on June 3, 1981, it was determined that claimant sustained a consequential injury to the back and the prior finding of a schedule loss of use was rescinded. On this appeal, the employer and carrier

contend that there is no basis for an award between January, 1975 and January, 1980 based on the consequential injury. We disagree with this contention. The sole issue is the propriety of the board's finding of consequential injury. Claimant's doctor testified that, initially, he felt that claimant's injury was schedulable. Thereafter, he changed his mind and determined the injury to be nonschedulable. More specifically, he stated that the condition has been permanent and progressive, resulting in stress complaints in the lower back. It is well established that the board can re-evaluate and make an award for continuing disability instead of a schedule award where medical evidence establishes that the condition is continuing (*Matter of Schaefer v Buffalo Steel Car Co.*, 250 NY 507; *Matter of Manfredi v Babcock Constr. Corp.*, 33 AD2d 852). At oral argument, respondent conceded that a recent legislative amendment has deprived this court of the power to impose penalties in cases of unanimous affirmance and certification that the appeals were not taken on meritorious grounds (Workers' Compensation Law, § 23, as amd by L 1983, ch 415, § 14). Consequently, we will not consider the issue raised by claimant's request for the imposition of a penalty on such grounds. Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.