In the Matter of the Claim of MELINDA JETT, Respondent, v LEW MARK BAKING COMPANY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [596 NYS2d 578] —Harvey, J. Appeal from a decision of the Workers' Compensation Board, filed August 15, 1991, which ruled that claimant has sustained a causally related permanent partial disability and awarded workers' compensation benefits.

Claimant had worked as a cookie packer for the employer, Lew Mark Baking Company, for some seven years when she began to experience problems with her right wrist in January 1989. The problem was ultimately diagnosed as tenosynovitis causally related to the repetitive hand motions involved in claimant's job. Her employer filed a report of injury with the Workers' Compensation Board on January 20, 1989. Claimant returned to work on April 3, 1989, but her symptoms quickly reappeared and she was forced to leave work before the end of the month. After taking another few months off claimant returned to work in late July 1989. She was examined by a

Board physician in November 1989 and it was determined that she had sustained an overall 5% loss of use of her right hand. The compensation case was closed on a 5% schedule award by decision filed December 11, 1989. Thereafter, claimant's symptoms reappeared and she left work in May 1990. Claimant applied to reopen her case in June 1990 and she returned to work part time in July 1990. Upon the reopening of the claim, claimant received an award for benefits at a total disability rate for the period from May 14, 1990 to July 5, 1990, when claimant returned to work. The case was then adjourned to permit claimant's attorney to obtain medical evidence and wage statements as to claimant's entitlement to a reduced earnings award.

Subsequently, claimant was examined by a Board physician who found that claimant had incurred a 2½% increase in the overall loss of use of her right hand since the prior closure of the case. At the April 18, 1991 hearing, the employer's workers' compensation insurance carrier stated its willingness to accept the increased schedule award and testimony was heard from claimant's treating physician, Paul Sternberg, on the issue of whether claimant was entitled to a reduced earnings award from the time of her return to part-time work in July 1990 and continuing to date. Sternberg described his treatment of claimant and opined that claimant's condition prevented her from putting in a full day of work. Nevertheless, the Workers' Compensation Law Judge ruled that claimant had no causally related loss from July 5, 1990 onward but found her entitled to an overall 7½% schedule award, including the 5% schedule previously awarded. Claimant appealed this decision and requested restoral to the trial calendar for reduced earnings awards. The Board ruled unanimously that claimant was entitled to a continuing award at an $84.95 reduced earnings rate, classifying her as permanently partially disabled. This appeal by the employer followed.

Initially, we reject the employer's contention that the issue of claimant's entitlement to a continuing reduced earnings award was not properly before the Board. According to the employer, claimant limited its request to seeking reduced earnings only for the period between the first and second scheduled awards and, therefore, the employer was not provided with notice of a necessity to defend against a continuing award. Our examination of the record does not support the employer's argument that the issue was so limited. While it is true that in the notice of appeal from the decision of the Workers' Compensation Law Judge, claimant's attorney con-

tended only that claimant should be entitled to reduced earnings for the period between the prior closing of the case and the new schedule award, this does not mean that the issue of a continuing award was not before the Board and also made known to the employer. At the April 18, 1991 hearing, Sternberg was specifically questioned about the permanency of claimant's condition and the ongoing nature of the problem. Prior to Sternberg's testimony, claimant's counsel specifically stated that the issue involved claimant's reduced earnings entitlement from July 5, 1990 "to date". Accordingly, the employer cannot persuasively argue that it had no notice on the permanency issue. Significantly, the Board based its decision in great part on the reports and testimony of Sternberg which were obviously also available to the employer.

Finally, we disagree with the employer's claim that the Board's determination is not based upon substantial evidence in the record. Whether a condition is scheduled or should be the subject of a continuing reduced earnings award is a question of fact for the Board to resolve *(see, Matter of Andrews v T & G Floor & Wall Covering,* 122 AD2d 355). "Where there is a continuing condition of pain or continuing need for medical treatment or the medical condition remains unsettled, then an award for continuing disability benefits is indicated" *(Matter of Clark v General Elec. Co.,* 68 AD2d 960; *see, Matter of Clifford v Larken Rest.,* 31 AD2d 866, 867). In this case the medical evidence indicates that claimant is permanently subjected to repeated flareups of pain and swelling that sometimes keep her from working at all. Claimant is under continuing medical treatment for the condition, receives both pain medication and anti-inflammatory drugs and is now only able to work 20 hours a week at most. Given this proof, we conclude that the Board's determination was adequately supported by the evidence.

The remaining arguments advanced by the employer have been examined and have been found to either be unpersuasive or not properly before us.

Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the decision is affirmed, without costs.