■ In the Matter of the Claim of CEPHAS BOYCE, Respondent, v MICHELANGELO GENERAL CONTRACTORS et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [600 NYS2d 768] — Mercure, J. Appeals from two decisions of the Workers' Compensation Board, filed June 27, 1991 and July 7, 1991, which, inter alia, ruled that claimant had causally related sympathetic glaucoma of the right eye.

On these appeals, the employer challenges findings of the Workers' Compensation Board that claimant suffers from sympathetic glaucoma of the right eye which is causally related to an October 20, 1984 injury to his left eye, that claimant is entitled to an award for continuing disability and that claimant is totally disabled. We affirm. The testimony of claimant's physician provided substantial evidence to support the Board's conclusion that claimant had causally related sympathetic glaucoma of the right eye (see, Matter of Curtis v Adirondack Trailways, 146 AD2d 900). Although there was contrary medical evidence, it was within the Board's "broad

authority" to resolve the conflicting proof in favor of claimant *(see, supra; Matter of Tangredi v GAF Constr. Corp.,* 125 AD2d 811). Further, the evidence that claimant's condition was unstable and testimony that he was still undergoing treatment provided an adequate factual basis for the award of continuing disability benefits *(see, Matter of Andrews v T & G Floor & Wall Covering,* 122 AD2d 355; *Matter of Clark v General Elec. Co.,* 68 AD2d 960). Finally, the testimony that claimant's corrected vision in his right eye varied from 20/60 to 20/800 depending on the degree of inflammation, that claimant's uncorrected vision was 20/200 and that claimant was totally disabled provided substantial evidence to support the finding of total disability *(see, Matter of Andrews v T & G Floor & Wall Covering, supra; Matter of Gonzalez v General Motors Assembly Div.,* 77 AD2d 697). We note that it is not necessary that claimant be determined to be totally blind in order for the Board to find a total disability *(see,* Workers' Compensation Law § 15 [1], [3] [p]).

Weiss, P. J., Yesawich Jr., Levine and Mahoney, JJ., concur. Ordered that the decisions are affirmed, without costs.