■ In the Matter of the Claim of Thomas H. Walker, Respondent, v New Process Gear Division, Appellant. Workers' Compensation Board, Respondent. [607 NYS2d 486] —Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed May 21, 1992, which, *inter alia,* found that claim-

ant has a continuing causally related permanent partial disability.

It is undisputed that claimant is partially disabled as the result of a causally related injury to his right arm. The primary contention advanced on this appeal by the self-insured employer is that claimant's disability was amenable to a schedule award of 25% of the right arm and that there is not substantial evidence to support the award for continuing permanent partial disability. We disagree.

An award for continuing disability benefits rather than a schedule award is indicated when the claimant's injured member exhibits " 'a continuing condition of pain' " or " 'swelling' " or a continuing " 'need for medical treatment' ", i.e., when the claimant's medical condition remains "unsettled" *(Matter of Clifford v Larkin Rest.,* 31 AD2d 866, 867; *see,* Workers' Compensation Law § 15 [3]). Whether a claimant's disability is amenable to a schedule award presents a question of fact within the exclusive power of the Workers' Compensation Board to determine *(see, Matter of Clifford v Larkin Rest., supra).* Here, claimant's testimony and the reports and hearing testimony of claimant's treating orthopedist, Stephen Robinson, and the medical experts produced by the employer and the Board provided substantial evidentiary support for the finding that claimant suffers from continuing pain, swelling and inflammation of the right arm. Further, Robinson opined that claimant suffered from a chronic or continuing causally related permanent partial disability. The conflicting opinion of the other medical experts that claimant suffered a percentage schedule loss of use merely created a factual issue for the Board's determination *(see, Matter of Fonda v Norton Co.,* 195 AD2d 834). As a final matter, the current contention that claimant's benefits should have been suspended because of his unreasonable refusal to undergo recommended treatment was not raised before the Board and, thus, has not been preserved for our consideration *(see, supra).*

Cardona, P. J., Casey, Weiss and Yesawich Jr., JJ., concur. Ordered that the decision is affirmed, with one bill of costs.