■ In the Matter of the Claim of RICHARD L. DILLABOUGH, Respondent, v JAQUITH INDUSTRIES, INC., Appellant. WORKERS' COMPENSATION BOARD, Respondent. [758 NYS2d 851] —Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed August 27, 2001, which classified claimant's injury as a permanent partial disability.

As the result of an established occupational injury to his right elbow, claimant was rendered unable to perform his regular duties as a welder and assembler for the employer and accepted a position in the employer's shipping department at a reduced rate of pay. A Workers' Compensation Law Judge (hereinafter WCLJ) determined that claimant was permanently partially disabled as a result of his injury and made a continuing award of workers' compensation benefits for reduced earnings. Upon administrative review, the Workers' Compensation Board affirmed the WCLJ's decision, prompting this appeal by the employer. We affirm.

The employer contends on this appeal that claimant's injury is amenable to a schedule award and, thus, the Board erred when it awarded claimant continuing benefits for a permanent partial disability. An award for continuing disability benefits is indicated "[w]here there is a continuing condition of pain or

continuing need for medical treatment or the medical condition remains unsettled" (*Matter of Clark v General Elec. Co.*, 68 AD2d 960, 960 [1979]; *see Matter of Walker v New Process Gear Div.*, 201 AD2d 768, 769 [1994]; *Matter of Torres v TAD Tech. Servs. Corp.*, 193 AD2d 975, 975 [1993]; *Matter of Clifford v Larkin Rest.*, 31 AD2d 866, 867 [1969]). Whether a condition warrants a schedule loss award or an award of continuing disability benefits is a question of fact for resolution by the Board (*see Matter of Jett v Lew Mark Baking Co.*, 192 AD2d 895, 897 [1993]; *Matter of Clark v General Elec. Co., supra*). Inasmuch as claimant's medical expert testified that claimant's condition continues to cause pain, could worsen in the future and could require surgery in the future, substantial evidence supports the Board's award of continuing benefits despite evidence in the record that would support a contrary result (*see Matter of Boyce v Michelangelo Gen. Contrs.*, 195 AD2d 768, 768-769 [1993]).

Spain, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.