■ In the Matter of the Claim of GREGORY JWEID, Respondent, v VICKS LITHOGRAPH & PRINTING et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [807 NYS2d 468]—

Kane, J. Appeal from a decision of the Workers' Compensation Board, filed October 17, 2003, which ruled that claimant was entitled to a schedule loss of use award.

In February 1999, claimant injured his back while lifting bundles of paper into a dumpster at work. Doctors initially diagnosed him with sciatica, a herniated disc and a prolapsed lumbar disc. A workers' compensation claim was established for a work-related injury to claimant's lower back and he was awarded benefits. He underwent back surgery in April 2000, May 2000 and February 2001. Following surgery, he developed problems with his left leg and foot. As a result, his claim was amended to include a left foot drop injury consequential to his established back injury. Medical evidence was adduced establishing a causal relationship between claimant's left foot drop and his February 1999 back injury as well as a 40% loss of use of the left foot, and also a permanent partial disability of his back. With respect to claimant's left foot drop, the Workers' Compensation Law Judge concluded that claimant suffered a 40% loss of use and made a schedule loss award on this basis, then closed the case. The Workers' Compensation Board affirmed that decision and this appeal by the employer and its workers' compensation carrier ensued.

"Whether a condition warrants a schedule loss award or an award of continuing disability benefits is a question of fact for resolution by the Board" (*Matter of Dillabough v Jaquith Indus.*, 305 AD2d 884, 885 [2003] [citations omitted]; *see Matter of Somers v Texaco, Inc.*, 174 AD2d 842, 843 [1991]). Here, there was a consensus of medical opinion that claimant suffers a consequential left foot drop injury due to the surgeries necessitated by his February 1999 back injury. Three physicians

opined that he suffers a 40% loss of use of the left foot as a result. The medical proof further established that claimant has reached maximum medical improvement with respect to his back injury and that his back condition is fairly stable. Where there is no continuing need for medical treatment and the medical condition is essentially stable, a schedule loss of use award is appropriate rather than an award for continuing disability benefits (*compare Matter of Walker v New Process Gear Div.*, 201 AD2d 768, 769 [1994]; *Matter of Jett v Mark Baking Co.*, 192 AD2d 895, 897 [1993]). Thus, we find that the Board's determination was based on substantial evidence (*see Matter of Andrews v T & G Floor & Wall Covering*, 122 AD2d 355 [1986]).

Mercure, J.P., Carpinello and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.