■ In the Matter of the Claim of ROBERT HAIGHT, Appellant, v CON EDISON et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [911 NYS2d 500]—

Kavanagh, J. Appeal from a decision of the Workers' Compensation Board, filed March 9, 2009, as amended by decision filed August 28, 2009, which, among other things, ruled that claimant was entitled to permanent partial disability benefits rather than a schedule loss of use award for his shoulder injury.

In separate incidents at work, claimant sustained injuries to his right shoulder and back, and his ensuing workers' compensation claims were established. Among other things, the parties disputed whether claimant should receive a schedule loss of use award for the shoulder claim or an ongoing award of disability benefits that included both the shoulder and back claims. The Workers' Compensation Board ultimately determined that the shoulder and back injuries jointly warranted a permanent, partial disability classification, and claimant appeals.

"Whether a condition warrants a schedule loss award or an award of continuing disability benefits is a question of fact for resolution by the Board," and its determination will be upheld if supported by substantial evidence (*Matter of Jweid v Vicks Lithograph & Print.*, 25 AD3d 930, 931 [2006] [internal quotation marks and citations omitted]; *see Matter of Paoletti v Ellis & Kustell*, 289 AD2d 733, 734 [2001]). An award of continuing disability benefits, rather than one for a schedule loss of use, is appropriate "[w]here there is a continuing condition of pain or continuing need for medical treatment or the medical condition

remains unsettled" (*Matter of Clark v General Elec. Co.*, 68 AD2d 960 [1979]; *accord Matter of Dillabough v Jaquith Indus.*, 305 AD2d 884, 884-885 [2003]). Here, the physicians who offered opinions on the issue concluded that claimant's shoulder injury was amenable to a schedule loss of use award. Claimant's treating physician, however, testified that claimant would require ongoing treatment for pain. Moreover, his shoulder disability arose in part from work-related arthritis and adhesive capsulitis, conditions that support a classification under the Board's medical guidelines if certain factors are present. While claimant argues that those factors are not present here, the guidelines only "provide useful criteria" that need not be slavishly followed by the Board if its factual determination is properly supported (*Matter of Floyd v Millard Fillmore Hosp.*, 299 AD2d 610, 612 [2002]; *see Matter of Barager-Dieter v Kelly Temporary Servs.*, 1 AD3d 725, 726 [2003]). As the Board's determination is supported by substantial evidence, it will not be disturbed (*see Matter of Dillabough v Jaquith Indus.*, 305 AD2d at 884-885; *Matter of Jett v Mark Baking Co.*, 192 AD2d 895, 897 [1993]; *Matter of Manfredi v Babcock Constr. Corp.*, 33 AD2d 852, 853 [1969]).

Mercure, J.P., Malone Jr., Garry and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.