■ In the Matter of the Claim of MINJA GRUGAN, Appellant, v THE RECORD et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [924 NYS2d 186]—

McCarthy, J. Appeal from a decision of the Workers' Compensation Board, filed July 30, 2009, which ruled that claimant was entitled to a schedule loss of use award.

Claimant sustained a work-related injury to her left hand in 2007, and received workers' compensation benefits. After it became clear that her condition would not fully resolve, a dispute arose as to whether she should be classified as having a permanent partial disability, entitling her to continuing benefits, or instead receive a schedule loss of use award. The Workers' Compensation Board ultimately made a 15% schedule loss of use award, and claimant appeals.

As substantial evidence supports the Board's determination, we affirm (see Matter of Haight v Con Edison, 78 AD3d 1468, 1468 [2010], lv denied 16 NY3d 708 [2011]; Matter of Jweid v Vicks Lithograph & Print., 25 AD3d 930, 931 [2006]). There is no question that claimant has reached maximum medical improvement and her condition is stable, factors that ordinarily render a schedule loss of use award appropriate (see Matter of Jweid v Vicks Lithograph & Print., 25 AD3d at 931). Claimant's treating orthopedist opined that such an award was inappropriate here given claimant's ongoing pain, but also conceded that her pain required no further specialized treatment and was managed with over-the-counter analgesics. The orthopedist also attempted to rely upon the Board's medical guidelines—which, contrary to claimant's contention, were adequately considered by the Board—to support his opinion, but admitted that claimant did not meet many of the criteria that would point to the need for a classification rather than a schedule award. In contrast, a physician who conducted an independent medical examination of claimant found a schedule award to be appropriate, despite her continuing pain and followup visits to her orthopedist. Resolving this conflicting medical evidence was a matter within the Board's discretion and, accordingly, we will not disturb its finding that a schedule loss of use award was warranted (see Matter of Raffiani v Allied Sys., Ltd., 27 AD3d 983, 984 [2006]).

Peters, J.P., Spain, Garry and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.