■ In the Matter of the Claim of VINCENT DEGENNARO, Appellant, v ISLAND FIRE SPRINKLER, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [926 NYS2d 710]—

Malone Jr., J. Appeal from a decision of the Workers' Compensation Board, filed December 14, 2009, which ruled that claimant was entitled to a schedule loss of use award rather than permanent partial disability benefits.

After 30 years of employment as a steamfitter, claimant was diagnosed with bilateral osteoarthritis in his long fingers and was forced to discontinue working in March 2007. After several years of treatment which failed to resolve claimant's medical issues, the parties disputed whether claimant should receive an ongoing award of disability benefits or a schedule loss of use award. Ultimately, the Workers' Compensation Board found that claimant suffered a 40% loss of use to both long fingers and made a schedule loss award on that basis and closed the case. Claimant now appeals.

We affirm. " 'Whether a condition warrants a schedule loss award or an award of continuing disability benefits is a question of fact for resolution by the Board,' and its determination will be upheld if supported by substantial evidence" (*Matter of Haight v Con Edison*, 78 AD3d 1468, 1468-1469 [2010], *lv denied* 16 NY3d 708 [2011], quoting *Matter of Jweid v Vicks Lithograph & Print.*, 25 AD3d 930, 930 [2006]). Here, following two independent medical examinations in December 2008 and March 2009, an orthopedic surgeon opined that claimant had demonstrated no measurable improvement despite extensive occupational therapy and that, inasmuch as claimant refused surgery, he had reached maximum medical improvement and a schedule loss of use award was appropriate. Although claimant's treating physician testified that claimant continued to treat with several other physicians and that his condition was likely to worsen, it is exclusively within the Board's province to resolve conflicting medical opinions (*see Matter of Thomas v Crucible Materials Corp.*, 73 AD3d 1323, 1324 [2010]; *Matter of Baer v Eden Park Nursing Home*, 51 AD3d 1344, 1344-1345 [2008]). Thus, we find that the Board's decision is supported by substantial evidence, notwithstanding evidence in the record that would support a contrary result (*see Matter of Dillabough v Jaquith Indus.*, 305 AD2d 884, 885 [2003]).

Mercure, J.P., Peters, Kavanagh and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.