■ In the Matter of the Claim of GREGORY KONDYLIS, Appellant, v ALATIS INTERIORS COMPANY, LTD., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [984 NYS2d 204]—

Egan Jr., J. Appeal from a decision of the Workers' Compensation Board, filed May 30, 2012, which ruled that claimant was not entitled to a schedule loss of use award.

Claimant, a painter, was injured in June 2008 while lifting a heavy object, and his resulting claim for workers' compensation benefits initially was established for injuries to his back and left knee. A Workers' Compensation Law Judge (hereinafter WCLJ) awarded benefits, which continued until claimant's death from unrelated causes in July 2009. Thereafter, claimant's attorney sought to amend the claim for injuries to claimant's neck and right shoulder and, in connection therewith, submitted a report from claimant's treating physician, Emmanuel Lambrakis, indicating that claimant had sustained a 60% schedule loss of use of both his right shoulder and left knee.

In March 2010, the WCLJ, among other things, granted a posthumous schedule loss of use award to claimant's widow based upon Lambrakis's report. Upon the workers' compensation carrier's appeal, the Workers' Compensation Board rescinded the award without prejudice and directed Lambrakis to appear at the deposition for the purpose of being cross-examined by the carrier. When the carrier failed to pursue the deposition, the WCLJ deemed the carrier's rights in this regard to be waived and reinstated the schedule loss of use award. The carrier appealed the WCLJ's decision, contending that such award was not supported by substantial evidence. The Board agreed, finding, among other things, that the report submitted by Lambrakis failed to "identify any specific guidelines or any specific findings on clinical evaluation" to support the schedule loss of use award. This appeal by claimant ensued.*

We affirm. "Whether a condition warrants a schedule loss award or an award of continuing disability benefits is a question of fact for resolution by the Board, and its determination will be upheld if supported by substantial evidence" (*Matter of*

---

* The Board directed that a formal order of substitution be made by claimant's surviving spouse (*see* CPLR 1015 [a]; 1021), but no such order appears in the record before us. Although the absence of a proper legal representative ordinarily would leave this Court without jurisdiction to entertain the appeal (*see Matter of Giaquinto v Commissioner of the N.Y. State Dept. of Health*, 91 AD3d 1224, 1225 n 1 [2012], *lv denied* 20 NY3d 861 [2013]), the carrier has not raised this issue and, given that claimant's surviving spouse has actively participated in this proceeding, we deem this jurisdictional impediment to be waived (*see Bauernfeind v Albany Med. Ctr. Hosp.*, 154 AD2d 754, 755 n 1 [1989]; *compare Hemphill v Rock*, 87 AD2d 836, 836-837 [1982]).

*Haight v Con Edison*, 78 AD3d 1468, 1468 [2010], *lv denied* 16 NY3d 708 [2011] [internal quotation marks and citations omitted]; *accord Matter of DeGennaro v Island Fire Sprinkler, Inc.*, 85 AD3d 1513, 1514 [2011]; *see Matter of Jweid v Vicks Lithograph & Print.*, 25 AD3d 930, 930 [2006]; *Matter of Dillabough v Jaquith Indus.*, 305 AD2d 884, 885 [2003]). Generally speaking, "[w]here there is no continuing need for medical treatment and the medical condition is essentially stable, a schedule loss of use award is appropriate" (*Matter of Jweid v Vicks Lithograph & Print.*, 25 AD3d at 931; *see Matter of Grugan v Record*, 84 AD3d 1648, 1649 [2011]; *Employer: MVP Delivery & Logistics Inc.*, 2012 WL 3237998, *2-4, 2012 NY Wrk Comp LEXIS 11699, *5-11 [WCB No. 8050 2891, Aug. 7, 2012]). Conversely, "[a]n award of continuing disability benefits, rather than one for a schedule loss of use, is appropriate [w]here there is a continuing condition of pain or continuing need for medical treatment or the medical condition remains unsettled" (*Matter of Haight v Con Edison*, 78 AD3d at 1468-1469 [internal quotation marks and citation omitted]; *see Matter of Dillabough v Jaquith Indus.*, 305 AD2d at 884-885).

Here, claimant's own medical records reflect that he continued to report "severe pain" in his left knee as of March 2009 and was continuing to receive physical therapy as of April 2009 for his "temporary" disability. Additionally, in his November 2009 report, Lambrakis—although concluding that claimant suffered a 60% schedule loss of use of his left knee and right shoulder— nonetheless indicated that if claimant "had not passed away[,] both the left knee and the right shoulder would have required surgical intervention." Under these circumstances, the Board's finding that the medical evidence fell short of demonstrating that "claimant had reached maximum medical improvement and required no further treatment" is supported by substantial evidence; hence, a schedule loss of use award was not warranted.

Our conclusion in this regard is in no way altered by the fact that the report issued by Lambrakis was the only medical opinion evidence before the Board. Indeed, this Court consistently has held that "[t]hough the Board may not fashion its own expert medical opinions, it may reject medical evidence as incredible or insufficient even where . . . no opposing medical proof is presented" (*Matter of Jaquin v Community Covenant Church*, 69 AD3d 998, 1000 [2010]; *accord Matter of Eber v Jawanio, Inc.*, 85 AD3d 1520, 1521-1522 [2011]; *see generally Matter of Bailey v Binghamton Precast & Supply Corp.*, 103 AD3d 992, 994 [2013]). Here, as the Board aptly observed, Lambrakis's conclusion as to the propriety of a schedule loss of

use award was stated in an entirely conclusory fashion, was not supported by "any specific clinical criteria" and was made without reference to either the Board's own guidelines "or any specific findings on clinical evaluation." We therefore discern no basis upon which to disturb the Board's factual finding that there was insufficient medical evidence to support a schedule loss of use award. Claimant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Lahtinen, J.P., McCarthy and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.