Rose, J.
Appeal from a decision of the Workers’ Compensation Board, filed August 2, 2013, which ruled, among other things, that claimant was entitled to permanent partial disability benefits rather than a schedule loss of use award for her knee injuries.
Claimant sustained a work-related injury to her left knee in 2007 and successfully applied for workers’ compensation benefits. Her claim was subsequently amended to include a right knee injury. The Workers’ Compensation Board ultimately determined that, among other things, her condition warranted *1299 a marked permanent partial disability classification rather than a schedule loss of use award. The employer and its workers’ compensation carrier (hereinafter collectively referred to as the employer) now appeal.
Whether a schedule loss of use award or an award of continuing disability benefits is appropriate constitutes a question of fact for resolution by the Board, and its determination will be upheld if supported by substantial evidence in the record (see Matter of Kondylis v Alatis Interiors Co., Ltd., 116 AD3d 1184, 1185 [2014]; Matter of Haight v Con Edison, 78 AD3d 1468, 1468 [2010], lv denied 16 NY3d 708 [2011]). An award of continuing disability benefits, rather than a schedule loss of use award, “is indicated where there is a continuing condition of pain or continuing need for medical treatment or the medical condition remains unsettled” (Matter of Dillabough v Jaquith Indus., 305 AD2d 884, 884-885 [2003] [internal quotation marks, brackets and citations omitted]; see Matter of Kondylis v Alatis Interiors Co., Ltd., 116 AD3d at 1186). Claimant’s orthopedic surgeon testified that continuing disability benefits were appropriate, noting that claimant suffered from crepitus, swelling and severe pain in her knees that would likely worsen over time. Relying upon those observations, the surgeon opined that she had sustained a permanent partial disability at a 75% level. A physician who conducted an independent medical examination of claimant disagreed with that assessment but, deferring to the Board’s assessment of credibility, we conclude that substantial evidence supports its finding of a marked permanent partial disability (see Matter of Dillabough v Jaquith Indus., 305 AD2d at 885; Matter of Walker v New Process Gear Div., 201 AD2d 768, 769 [1994]).
As a final matter, we cannot say that the Board abused its discretion in requiring further proof as to what overpayments, if any, the employer had made to claimant (see Workers’ Compensation Law § 22; Matter of Dovi v Grand Union Co., 64 AD2d 343, 344 [1978]).
Lahtinen, J.R, Devine and Clark, JJ., concur. Ordered that the decision is affirmed, without costs.