Matter of Tobin v Finger Lakes DDSO (2018 NY Slip Op 04413)





Matter of Tobin v Finger Lakes DDSO


2018 NY Slip Op 04413


Decided on June 14, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 14, 2018

525350

[*1]In the Matter of the Claim of KRISTI M. TOBIN, Appellant,
v
FINGER LAKES DDSO et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: April 30, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Pritzker, JJ.


Bronk & Somers, PC, Rochester (Daniel A. Bronk of counsel), for appellant.
Hamberger & Weiss, Rochester (Stephen P. Wyder Jr. of counsel), for Finger Lakes DDSO and another, respondents.


Clark, J.

MEMORANDUM AND ORDER
Appeal from a decision of the Workers' Compensation Board, filed October 5, 2016, which, among other things, classified claimant's reflex sympathetic dystrophy as a nonschedule permanent partial disability.
In April 2012, claimant, a support aide for persons with developmental disabilities, sustained injuries after being punched in the face by a client. Claimant applied for workers' compensation benefits and her claim was established for injuries to her right eye, right optic nerve and her neck, as well as
posttraumatic headache disorder, reflex sympathetic dystrophy (hereinafter RSD) — also known as complex regional pain syndrome (hereinafter CRPS) — of the right side of her face, a nasal contusion, a right orbital contusion, ringing of the ears and tinnitus.
In 2014, claimant's treating physician raised the issue of permanency and schedule loss of use, opining that, among other things, claimant suffers from a permanent ophthalmologic disability of the right eye, which included a visual field loss of 33&frac13;%, that equated to a 66&frac23;% schedule loss of use of the eye. Following a hearing, a Workers' Compensation Law Judge found that claimant's vision loss was amenable to a 100% schedule loss of use and that she was also entitled to a schedule loss of use for facial disfigurement. Upon review, the Workers' [*2]Compensation Board reversed, finding that claimant's RSD/CRPS and ptosis of the right eyelid were subject to a nonschedule permanent partial disability classification under Workers' Compensation Law § 15 (3) (w). The Board rescinded the schedule loss of use awards and remitted the matter for development of the record on the issue of claimant's loss of wage-earning capacity. Claimant now appeals.
We affirm. Workers' Compensation Law § 15 (3) contains a schedule of awards for a permanent partial disability resulting from a loss of specific body parts or functions, such as vision and hearing (see Workers' Compensation Law § 15 [3] [a]-[v]). Workers' Compensation Law § 15 (3) (w) pertains to "all other cases of permanent partial disability" — i.e., those cases that are not amenable to a schedule award. Whether a schedule loss of use award or a nonschedulable permanent partial disability classification is appropriate constitutes a question of fact for the Board's resolution, and its determination will be upheld if supported by substantial evidence (see Matter of LaClaire v Birds Eye Foods, Inc., 128 AD3d 1298, 1299 [2015]; Matter of Kondylis v Alatis Interiors Co., Ltd., 116 AD3d 1184, 1185 [2014]). A nonschedulable permanent partial disability classification, rather than a schedule loss of use award, "is indicated where there is a continuing condition of pain or continuing need for medical treatment or the medical condition remains unsettled" (Matter of LaClaire v Birds Eye Foods, Inc., 128 AD3d at 1299 [internal quotation marks and citations omitted]; see Matter of Walker v New Process Gear Div., 201 AD2d 768, 769 [1994]).
Here, claimant's treating physician reported that claimant has RSD/CRPS, with atypical face pain, which is ongoing chronic pain that will include periodic flare-ups of symptoms that will last for between one and seven days that will recur throughout her life. Claimant's treating physician found claimant's RSD/CRPS to be a permanent partial disability. He also found that claimant had a permanent visual defect due to impaired visual acuity and inferior visual field defect, as well as eyebrow ptosis, which resulted in her right eyelid periodically drooping down over the eye. The physician who conducted an independent medical examination of claimant on behalf of the employer similarly opined that claimant has RSD/CRPS of the face that is permanent and will include periodic flare-ups of symptoms. He also opined that claimant's ptosis was worsening.
In our view, substantial evidence, in the form of the medical evidence that claimant suffers from RSD/CRPS, a chronic continuing pain of the face and the opinion that the ptosis of the eyebrow is worsening, supports the Board's determination that an award of a nonschedulable permanent partial disability pursuant to Workers' Compensation Law § 15 (3) (w), rather than a schedule loss of use award, is appropriate (see Matter of Walker v New Process Gear Div., 201 AD2d at 769). In light of the Board's decision, claimant's schedule loss of use awards were properly rescinded, as she may not receive both a schedule loss of use award and a nonschedule permanent partial disability award for injuries arising out of the same work-related accident (see Matter of Taher v Yiota Taxi, Inc., ___ AD3d ___ [decided herewith]; Matter of Gallman v Walt's Tree Serv., 43 AD2d 419, 420-421 [1974]; Matter of Wilkosz v Symington Gould Corp., 14 AD2d 408, 410 [1961], affd 14 NY2d 739 [1964]; Matter of Freeland v Endicott Forging & Mfg. Co., 233 App Div 440, 442 [1931]; cf. Matter of Colasanti v Con Edison, 142 AD3d 1276, 1276-1277 [2016]; Matter of Walczyk v Lewis Tree Serv., Inc., 134 AD3d 1364, 1366 [2015], lv denied 28 NY3d 902 [2016]).
McCarthy, J.P., Lynch, Devine and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.