Matter of Olaya v United Parcel Serv. Inc. (2019 NY Slip Op 07119)





Matter of Olaya v United Parcel Serv. Inc.


2019 NY Slip Op 07119


Decided on October 03, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 03, 2019

525474

[*1]In the Matter of the Claim of Guillermo Olaya, Appellant,
v
United Parcel Service Inc. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: September 12, 2019

Before: Garry, P.J., Clark, Mulvey and Pritzker, JJ.


Joel M. Gluck, New York City, for appellant.
Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe of counsel), for United Parcel Service Inc. and another, respondents.



Garry, P.J.
Appeals (1) from a decision of a panel of the Workers' Compensation Board, filed September 30, 2016, which ruled that claimant's injuries were schedulable, and (2) from a decision of said Board, filed August 4, 2017, which denied claimant's application for reconsideration and/or full Board review.
In March 2009, while working as a delivery driver, claimant injured his lower back as he descended from a step on his delivery truck. He filed a claim for workers' compensation benefits that was not disputed by the employer or its workers' compensation carrier (hereinafter collectively referred to as the carrier). In September 2010, claimant suffered a second injury, this time to his left leg, again as he was stepping down from his delivery truck. He filed a second claim for workers' compensation benefits that was also not disputed by the carrier. Claimant received medical treatment for both injuries from physiatrist Steven Moalemi. He was evaluated by other physicians in connection with his second workers' compensation claim and was ultimately awarded a 26.25% schedule loss of use (hereinafter SLU) of the left leg.
In July 2012, before the SLU award was issued, claimant sustained a third injury while stepping down from his delivery truck, this time to his right knee. He filed a third claim for workers' compensation benefits that was also not disputed by the carrier, and he again obtained medical treatment from Moalemi. An MRI report disclosed that claimant had a subcortical fracture of the medial tibial plateau, a torn medial meniscus and a strain of the posterior portion of the medial collateral ligament. Claimant stopped working in August 2012 and had arthroscopic surgery on his right knee in November 2012.
Following a January 2013 hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) established the claim for injuries to claimant's right knee and awarded him temporary total disability benefits of $792.02 per week from the date of the surgery until May 15, 2013, at which time awards were reduced based upon the medical report of orthopedist Steven Zaretsky, who conducted an independent medical examination (hereinafter IME) of claimant in March 2013 on behalf of the carrier, and found him to have a temporary mild partial disability. Following a further examination in July 2013, Zaretsky again reported that claimant had a temporary mild partial disability. The WCLJ further reduced claimant's award of temporary total disability benefits and directed that the claim involving his left leg injury travel with the claim involving his right knee injury.
In November 2013, claimant was examined by orthopedist Robert Michaels, who conducted another IME on behalf of the carrier. He concluded that claimant had reached maximum medical improvement and had a 25% SLU of the right leg. The WCLJ thus suspended further payments and directed that depositions of Michaels and Moalemi be conducted on the issues of claimant's SLU versus his further causally-related disability. During his deposition, Michaels explained that because claimant was not receiving any active treatment and there were no plans for further significant interventions, he had reached maximum medical improvement. He indicated that he did not find that claimant had instability of the right knee. He further opined that claimant's right knee injury was schedulable and was not amenable to classification under the workers' compensation guidelines because he did not have objective signs of "chronic inflammation, such as swelling, color change, tenderness, x-ray progression of severe arthritis and no improvement despite all modalities being performed."
Moalemi testified that claimant had swelling, buckling and locking of his right knee and his left knee, and that his right knee injury and altered gait aggravated his prior left knee and back injuries. He opined that claimant's right knee injury was not schedulable because claimant was "still showing a continuing and worsening disability, continuing and worsening pain in the right knee as well as the left knee and low back now." Moalemi prepared a May 2015 report indicating that claimant had consequential injuries to his left knee and lower back, and a permanent total disability. Based upon this report, the WCLJ directed further testimony and a new IME on these sites of injury. In June 2015, an IME of claimant was conducted by physiatrist Robert Simon, who concluded that claimant's low back and left knee injuries were preexisting conditions not directly or consequentially causally related to claimant's July 2012 work-related accident. Thereafter, the WCLJ directed the depositions of Moalemi and Simon on the issue of claimant's consequential back and left knee injuries.
Moalemi testified that claimant reported complaints about his back and left knee about a year or two after his July 2012 right knee injury. He stated that claimant has back pain with radiation going to the left lower extremity and that his lumbar spine radiculopathy is an exacerbation due to claimant compensating for his right knee. He opined that claimant's back injury was consequentially causally related to his right knee injury. He further stated that claimant has pain in his left knee after walking a few blocks, increasing with climbing stairs or standing, may have a possible tear of the meniscus and may be a candidate for a knee replacement. As with claimant's back injury, Moalemi opined that claimant's left knee injury was consequentially causally related to his right knee injury. He further stated that claimant was 100% totally disabled, but was not at maximum medical improvement because there may be further treatments available for claimant's right knee.
Simon testified that, upon examination, claimant reported pain in his right knee. He indicated that claimant had give-away weakness in both knees, similar to buckling, which he stated can be reflexively caused by pain. He acknowledged that a knee injury could throw off a person's gait and potentially aggravate a prior back injury. However, he adhered to his prior opinion that claimant's back and left knee injuries were not consequentially causally related to his July 2012 work-related accident.
After considering claimant's testimony and the medical evidence, the WCLJ issued a reserved decision on February 23, 2016 amending the claim to include consequential injuries to claimant's left knee and back. However, the WCLJ concluded that, "from the standpoint of any causally-related severity, there is no showing that would warrant medical reopening of the record, nor a finding of significant worsened disability; nor any finding of nonscheduled status nor rescission of prior schedule loss."
On March 22, 2016, claimant sought review by the Workers' Compensation Board of that part of the WCLJ's decision finding that his condition was schedulable and not subject to classification. Thereafter, claimant obtained MRIs of his lower back and knees, as well as electro-diagnostic (hereinafter EMG) tests of his lower extremities using his own insurance. On April 15, 2016, after the carrier submitted a rebuttal to claimant's application for Board review, claimant submitted a letter to the Board's Office of Administrative Review seeking consideration of the recently obtained MRIs and EMG tests. The carrier objected to the Board's consideration of this evidence. On June 3, 2016, claimant submitted another document for the Board's consideration, namely, a disability determination issued by the Social Security Administration.
A panel of the Board declined to consider the supplemental submissions as they were provided more than 30 days after the date of the WCLJ's decision and more than 30 days after claimant's application for Board review. The Board panel concluded that the WCLJ's finding as to schedulability was supported by a preponderance of the evidence and affirmed the WCLJ's decision. Claimant's application for reconsideration and/or full Board review of this decision was denied. Claimant appeals from both decisions.
Initially, claimant contends that the Board erroneously declined to consider his supplemental submissions. We disagree. The Board's regulations provide that a party seeking Board review must file the application within 30 days of the filing of the decision (see 12 NYCRR 300.13 [b] [3] [i]). Claimant sought to include his supplemental submissions as part of his initial application for Board review, but they were provided on April 15, 2016 and June 3, 2016, more than 30 days after the WCLJ's February 23, 2016 decision and claimant's March 23, 2016 initial application. Significantly, the regulations governing Board review do not provide for supplementing an initial application for Board review in the manner followed by claimant. Moreover, although claimant asserts that such submissions constitute newly discovered evidence, he failed to "state reasons showing that such evidence could not have been presented to the [WCLJ] or could not have been produced as directed by the [WCLJ]" as proscribed by the regulations in effect at the time of his application for Board review (12 NYCRR former 300.13 [g]; see Matter of Estrella v Broadway 69 Assoc., 79 AD3d 1536, 1537 [2010]; Matter of Husak v New York City Tr. Auth., 40 AD3d 1249, 1250 [2007]). Further, contrary to his claim, it was not incumbent upon the Board to deem claimant's request an application for a rehearing or for reopening (see 12 NYCRR 300.14). Accordingly, we find no abuse of discretion in the Board's failure to consider claimant's untimely submissions.
Claimant further argues that the Board's decision finding that his condition is schedulable is not supported by substantial evidence. "Whether a condition warrants a [SLU] award or an award of continuing disability benefits is a question of fact for resolution by the Board, and its determination will be upheld if supported by substantial evidence" (Matter of Kondylis v Alatis Interiors Co., Ltd., 116 AD3d 1184, 1185 [2014] [internal quotation marks and citations omitted]; see Matter of DeGennaro v Island Fire Sprinkler, Inc., 85 AD3d 1513, 1514 [2011]). Generally, "where there is no continuing need for medical treatment and the medical condition is essentially stable, [an SLU] award is appropriate" (Matter of Kondylis v Alatis Interiors Co., Ltd., 116 AD3d at 1186 [internal quotation marks, brackets and citations omitted]; see Matter of Jweid v Vicks Lithograph & Print., 25 AD3d 930, 931 [2006]). "Conversely, an award of continuing disability benefits, rather than one for schedule loss of use, is appropriate where there is a continuing condition of pain or continuing need for medical treatment or the medical condition remains unsettled" (Matter of Kondylis v Alatis Interiors Co., Ltd., 116 AD3d at 1186 [internal quotation marks, brackets and citations omitted]; see Matter of Haight v Con Edison, 78 AD3d 1468, 1468-1469 [2010], lv denied 16 NY3d 708 [2011]). The resolution of conflicting medical evidence concerning such matters is within the discretion of the Board (see Matter of DeGennaro v Island Fire Sprinkler Inc., 85 AD3d at 1514; Matter of Grugan v Record, 84 AD3d 1648, 1649 [2011]).
Here, the record contains conflicting medical evidence with respect to the schedulability of claimant's injuries. Michaels concluded that claimant had reached maximum medical improvement and had a 25% SLU of his right leg. He further found that claimant did not have a ligamentous injury rendering his knee unstable, which was consistent with Simon's findings. Moalemi, on the other hand, concluded that claimant's right knee was not subject to SLU because he continued to have worsening pain and also continued to have pain in his back and left knee. He opined that claimant had not reached maximum medical improvement.
The Board could choose to credit the medical testimony establishing that claimant had reached maximum medical improvement, as is necessary to support a finding that an injury is schedulable under the guidelines (see New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity § 1.5 [3], at 10 [2012]). Likewise, the Board could choose to credit the medical testimony establishing that claimant did not suffer from right knee instability, such that his injuries would not be amendable to an SLU under the guidelines (see New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity § 3.2, special consideration 10, at 28 [2012]). In view of this, we conclude that substantial evidence supports the Board's decision finding claimant's injuries to be schedulable.
Finally, under the circumstances presented, we find that the Board's denial of claimant's request for reconsideration and/or full Board review was not arbitrary, capricious or an abuse of discretion (see Matter of Oparaji v Books & Rattles, 168 AD3d 1209, 1209 [2019]; Matter of Brasher v Sam Dell's Dodge Corp., 159 AD3d 1234, 1235 [2018], appeal dismissed 32 NY3d 1012 [2018]).
Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the decisions are affirmed, without costs.