Matter of Davenport v District Attorney of Richmond County (2022 NY Slip Op 03430)





Matter of Davenport v District Attorney of Richmond County


2022 NY Slip Op 03430


Decided on May 26, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 26, 2022

533804
[*1]In the Matter of the Claim of Bernadette Davenport, Appellant,
v
District Attorney of Richmond County et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:April 27, 2022

Before:Clark, J.P., Pritzker, Colangelo, Ceresia and McShan, JJ.

Angiuli & Gentile, LLP, Staten Island (Jessica A. Termini of counsel), for appellant.



Ceresia, J.
Appeal from a decision of the Workers' Compensation Board, filed August 4, 2020, which ruled, among other things, that claimant was not entitled to a schedule loss of use award.
Claimant was injured in a work-related accident in 2013 and established a workers' compensation claim for injury to her left foot with a consequential injury to the left lower extremity consisting of deep vein thrombosis. Upon reaching maximum medical improvement, the parties submitted differing medical opinions as to claimant's schedule loss of use (hereinafter SLU) of her left foot. In a proposed decision filed February 7, 2018, the Workers' Compensation Board advised the parties that, if they could not reach a settlement agreement within 45 days, they were to produce deposition transcripts within 90 days from the date of the instant decision so that a decision on the issue of an SLU award could be rendered. In 2020, claimant filed a request for further action noting that the parties were unable to reach a settlement agreement.
By decision filed April 10, 2020, a Workers' Compensation Law Judge (hereinafter WCLJ) deemed the record closed given that no deposition transcripts were timely produced and, based upon the medical evidence in the record, found that claimant was not entitled to an SLU award of the left foot. The Board, in a decision filed August 4, 2020, adopted the WCLJ's findings and decision, and affirmed. Claimant's subsequent application for reconsideration and/or full Board review was denied. Claimant appeals from the Board's August 4, 2020 decision.
We affirm. Initially, we are unpersuaded by claimant's contention that the Board failed to address whether the WCLJ properly closed the record. By adopting the WCLJ's findings and affirming the decision, the Board innately adopted the WCLJ's basis for closing the record. To that end, we find no abuse of discretion in the record being closed despite the fact that claimant had not deposed the medical experts (see Matter of Campbell v Interstate Materials Corp., 135 AD3d 1276, 1277 [2016]). The record reflects that claimant, having filed a request for further action in April 2020, did not comply with the directives set forth in the February 7, 2018 decision with regard to the timely filing of deposition transcripts. Furthermore, we do not agree that the Board abused its discretion in not permitting further development of the record based upon claimant's conclusory statement to the Board that the settlement negotiations extended beyond the 90-day period.
Turning to the merits, "[w]hether a claimant is entitled to an SLU award and, if so, the resulting percentage are factual questions for the Board to resolve and, thus, the Board's determination will be upheld provided that it is supported by substantial evidence" (Matter of Semrau v Coca-Cola Refreshments USA Inc., 189 AD3d 1873, 1874 [2020] [internal quotation marks and citations omitted]; see Matter of Gilliam v DOCCS Wende Corr. Facility, 190 [*2]AD3d 1080, 1081 [2021]). Here, following an independent medical examination, an orthopedic surgeon opined that claimant had a 0% SLU of the left foot, having found a full range of motion. In crediting that opinion, the Board noted earlier medical records wherein claimant's treating physician indicated that claimant's fracture had completely healed and that she could wear any shoe. Although claimant's treating physician opined that claimant had a 20% SLU, noting some decrease in her range of motion, "it is exclusively within the Board's province to resolve conflicting medical opinions" (Matter of DeGennaro v Island Fire Sprinkler, Inc., 85 AD3d 1513, 1514 [2011]; see Matter of Strack v Plattsburgh City Sch. Dist., 202 AD3d 1193, 1194-1195 [2022]; Matter of Maloney v Wende Corr. Facility, 157 AD3d 1155, 1156 [2018]). To the extent that claimant asserts that the Board formulated its own medical opinion and improperly relied on medical records prior to the time that permanency was established, we find such contention to be without merit. Finally, as claimant, at no point, offered any medical evidence pertaining to her treatment or permanency regarding her deep vein thrombosis, the Board's finding that the condition is resolved will not be disturbed.
Clark, J.P., Pritzker, Colangelo and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.