# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered: September 29, 2016      522418
_____

In the Matter of the Claim of
   ANTHONY COLASANTI,
                Appellant,

    v
                                  MEMORANDUM AND ORDER

CON EDISON et al.,
                Respondents.

WORKERS' COMPENSATION BOARD,
                Respondent.
_____

Calendar Date: September 6, 2016

Before: Peters, P.J., McCarthy, Lynch, Rose and Clark, JJ.

_____

Law Office of Joseph Romano, New York City (Nicholas DiSalvo of counsel), for appellant.

Cherry, Edson & Kelly, LLP, Tarrytown (Ralph E. Magnetti of counsel), for Con Edison and another, respondents.

_____

Rose, J.

Appeal from a decision of the Workers' Compensation Board, filed April 6, 2015, which ruled, among other things, that claimant was not entitled to a schedule loss of use award for a period during which he was previously receiving an indemnity award at the maximum rate for a permanent partial disability.

Claimant, a mechanic for the employer, has an established claim for bilateral carpal tunnel syndrome to both hands as an occupational disease, with a date of disablement of November 10, 2005. A Workers' Compensation Law Judge determined that claimant

had a schedule loss of use (hereinafter SLU) of 20% to each hand, equal to 97.6 weeks of compensation, payable to claimant at either the temporary total or permanent partial disability rate of $400 per week from November 10, 2005 through September 25, 2007. The employer appealed, objecting to claimant receiving concurrent indemnity awards for the same time period for this and another unrelated claim, which it argued exceeded the statutory maximum award provided by Workers' Compensation Law § 15 (6). The Workers' Compensation Board, among other things, upheld the determination that claimant had a 20% SLU to both hands. The Board modified the SLU award, ruling that because claimant had, during the same time period covered by this SLU award (with two exceptions), previously received the maximum weekly benefit award of $400 for another permanent partial disability resulting from an injury to his shoulder and neck, he is "not entitled to further indemnity awards [for this SLU] for the period during which he previously received [permanent partial disability] awards . . . at the maximum weekly benefit rate of $400." Claimant now appeals.

As the Board recognized, this Court has held that "concurrent payments for schedule and nonschedule awards may not exceed that maximum rate where the nonschedule award arises from a permanent disability" (Matter of Sciame v Airborne Express, Inc., 101 AD3d 1419, 1420 [2012], lv denied 20 NY3d 860 [2013]; see Matter of Schmidt v Falls Dodge, Inc., 19 NY3d 178, 183 [2012]). However, after the Board issued its decision here, this Court recognized that "under Workers' Compensation Law §§ 15 (3) (u) and 25 (1) (b), as amended in 2009, where there is a permanent partial loss of use of more than one member or body part, the award 'shall be fully payable in one lump sum upon the request of the injured employee'" (Matter of Walczyk v Lewis Tree Serv., Inc., 134 AD3d 1364, 1366 [2015], lv denied ___ NY3d ___ [Sept. 13, 2016], quoting Workers' Compensation Law § 15 [3] [u]). Payment of the SLU award "is not allocable to any . . . period of disability" and payment of the SLU award in a lump sum, as an alternative to periodic payments, will not violate the maximum disability rate provided by Workers' Compensation Law § 15 (6) (see Matter of Walczyk v Lewis Tree Serv., Inc., 134 AD3d at 1366 [internal quotation marks, brackets, emphasis and citations omitted]). While it is not

clear whether claimant requested that the SLU award be paid in a lump sum, he now does so.  Accordingly, the matter must be remitted to the Board for purposes of calculating the lump-sum award, minus payments already made, and for further proceedings as directed by the Board's decision.

Peters, P.J., McCarthy, Lynch and Clark, JJ., concur.

ORDERED that the decision is modified, without costs, to the extent that it ruled that claimant is not entitled to further indemnity awards for the period during which he previously received permanent partial disability awards for another claim, and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court