Matter of Lambert v Manhattan & Bronx Surface Tr. Operating Auth. (2022 NY Slip Op 07123)

Matter of Lambert v Manhattan & Bronx Surface Tr. Operating Auth.

2022 NY Slip Op 07123

Decided on December 15, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 15, 2022

534882
[*1]In the Matter of the Claim of Joseph Lambert, Claimant,
v
Manhattan and Bronx Surface Transit Operating Authority, Appellant. Workers' Compensation Board, Respondent.

Calendar Date:November 15, 2022

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Jones Jones LLC, New York City (David Secemski of counsel), for appellant.
Letitia James, Attorney General, New York City (Alison Kent-Friedman of counsel), for respondent.

Ceresia, J.
Appeal from a decision of the Workers' Compensation Board, filed September 14, 2021, which ruled that the remaining unpaid portion of claimant's schedule loss of use award could be payable in a lump sum upon his request.
In 2016, claimant, who worked for the employer for 29 years as a token booth agent and bus driver, filed a claim for workers' compensation benefits based upon work-related repetitive use, and his claim was established for bilateral shoulder, right hip and right knee injuries with a date of accident of September 8, 2016. In a May 2018 reserved decision, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant had sustained a 40% schedule loss of use (hereinafter SLU) of the right arm, a 35% SLU of the left arm and a 45% SLU of the right leg and directed claimant's award to be paid out on a weekly basis for 275.8 weeks, until August 29, 2023. The decision of the WCLJ was subsequently affirmed by the Workers' Compensation Board in a February 2019 decision. In March 2021, claimant filed a request for further action by legal counsel (form RFA-1LC) and requested that the amount of the SLU award that remained owed to him be paid in a lump sum. Following a hearing on the matter, a WCLJ granted claimant's request, finding that there was no timeframe limiting claimant's request for payment of a lump sum award pursuant to Workers' Compensation Law § 25 (1) (b). Upon administrative appeal, the Board affirmed, concluding that claimant's request, made pursuant to Workers' Compensation Law §§ 15 (3) (u) and 25 (1) (b), for a lump sum payment of the remaining portion of his SLU award is not restricted to the specific point in time that the award is made. The employer appeals.
The gravamen of the employer's appeal is that claimant is not permitted to request a lump sum payment of the remaining portion of his SLU award at any time he chooses and that, instead, the request for a lump sum payment of the award must be made at the time that the SLU award is initially made. We disagree. By way of backround, "[w]ith respect to permanent partial disabilities, SLU awards are issued for such disabilities that involve a body part specifically enumerated in Workers' Compensation Law § 15 (3) (a) through (t)" (Matter of Estate of Youngjohn v Berry Plastics Corp., 36 NY3d 595, 599 [2021], citing Matter of Mancini v Office of Children & Family Servs., 32 NY3d 521, 526 n [2018]; see Workers' Compensation Law § 15 [3] [a]-[t]; Matter of Johnson v City of New York, 38 NY3d 431, 439 [2022]; Matter of Walczyk v Lewis Tree Serv., Inc., 134 AD3d 1364, 1365 [3d Dept 2015], lv denied 28 NY3d 902 [2016]). "SLU awards are based on a percentage of the employee's weekly wages but, unlike other types of compensation awards, the duration of the SLU award is determined by a statutory schedule assigning a fixed number of weeks of compensation specific to the particular body part that is injured" (Matter of Estate of Youngjohn v Berry Plastics Corp., 36 NY3d at [*2]599-600; see Workers' Compensation Law § 15 [3]). The purpose of an SLU award is to "compensate for loss of earning power" caused by the permanent partial disability (Matter of Marhoffer v Marhoffer, 220 NY 543, 547 [1917]; see Matter of Estate of Youngjohn v Berry Plastics Corp., 36 NY3d at 600; Matter of Walczyk v Lewis Tree Serv., Inc., 134 AD3d at 1365). "Unlike an award of weekly compensation for a disability, which is based upon the actual period during which an employee is disabled from earning full wages, liability for an SLU award arises as of the date of the accident, and the weekly rate and number of weeks specified in the schedule are merely the measure by which the total amount of the award is calculated; while the decisions often list the SLU award as covering certain dates, the SLU award is not allocable to any particular period of disability" (Matter of Estate of Youngjohn v Berry Plastics Corporation, 169 AD3d 1237, 1238 [3d Dept 2019] [internal quotation marks, brackets and citations omitted]; see Matter of Cruz v City of N.Y. Dept. of Children's Servs., 123 AD3d 1390, 1391-1392 [3d Dept 2014], lv denied 26 NY3d 905 [2015]).
In 2009, the Legislature amended the Workers' Compensation Law to add the statutory provisions that expressly permit lump sum payments of SLU awards (L 2009, ch 351, §§ 1-2 [Aug. 26, 2009]; see Workers' Compensation Law §§ 15 [3] [u]; 25 [1] [b]; Matter of Walczyk v Lewis Tree Serv., Inc., 134 AD3d at 1366). Specifically, the Legislature amended Workers' Compensation Law § 25 (1) (b) to provide that, although compensation shall otherwise generally be payable on a biweekly basis, "[a]n award of compensation payable for permanent partial disability under paragraphs a through t, inclusive, of subdivision [3] of section [15] of this article, shall be payable in one lump sum, without commutation to present value upon the request of the injured employee" (L 2009, ch 351, § 1). Relevant here, and consistent with that modification, the Legislature also amended Workers' Compensation Law § 15 (3) (u) to provide that, for SLU awards involving multiple body parts, "the [B]oard shall award compensation for the loss or loss of use of each such member or part thereof, which awards shall be fully payable in one lump sum upon the request of the injured employee" (L 2009, ch 351, § 2).
Thus, the question is whether the foregoing provisions limit the timeframe when a claimant may make a request for a lump sum payment of his or her SLU award, either for the whole award or for any remaining portion of the award where, as here, periodic payments have already been made to the claimant. "[W]hen presented with a question of statutory interpretation, a court's primary consideration is to ascertain and give effect to the intention of the [L]egislature" (Matter of Estate of Youngjohn v Berry Plastics Corp., 36 NY3d at 603 [internal quotation marks, brackets and citations omitted]). "As the clearest indicator of legislative intent is [*3]the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof" (id. [internal quotation marks and citations omitted]). The plain language in both Workers' Compensation Law §§ 15 (3) (u) and 25 (1) (b) makes clear that the timing of a request for a lump sum payment originates "upon the request of the injured employee" (Workers' Compensation Law §§ 15 [3] [u]; 25 [1] [b]). Significantly, neither statutory provision contains language imposing any limitation concerning the timing of such a request. Such an interpretation is also entirely consistent with, and supported by, the legislative history, which reflects the legislature's intent to "'allow injured workers to invest their award if they choose and better prepare for the adverse financial and emotional effects of their resulting diminished earning capacity'" (Matter of Estate of Youngjohn v Berry Plastics Corp., 36 NY3d at 603 [brackets omitted], quoting Sponsor's Mem, Bill Jacket, L 2009, ch 351 at 5, 2009 McKinney's Session Laws of NY at 1721). The decision to receive — and, if so, when to receive — the remaining lump-sum portion of an award "is a decision personal to the injured employee," as the Legislature intended it to be (Matter of Estate of Youngjohn v Berry Plastics Corp., 36 NY3d at 610 [Rivera, J., concurring]; cf. Matter of Colasanti v Con Edison, 142 AD3d 1276, 1277 [2016]; Matter of Walczyk v Lewis Tree Serv., Inc., 134 AD3d at 1366-1367). To the extent that the employer's remaining contentions are properly before us, they are either academic in light of our decision or have been considered and found to be without merit.
Aarons, J.P., Pritzker, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the decision is affirmed, without costs.